JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, Gordon Friend, appeals the judgment of the Hamilton County Court of Common Pleas sentencing him to a term of incarceration for burglary, a felony of the fourth degree. For the following reasons, we vacate the sentence and remand the cause for further proceedings.
In June 2003, Friend entered a guilty plea to a single count of burglary pursuant to R.C. 2911.12(A)(4). At the plea hearing, the trial court informed Friend that if he appeared on the scheduled sentencing date, he would be sentenced to a six-month term of imprisonment. The court further informed him that if he did not appear, he would receive the maximum term of eighteen months' imprisonment. The court asked Friend if he understood the consequences of his failure to appear, and Friend responded that he did.
Friend failed to appear for sentencing, and the trial court imposed eighteen months' imprisonment for the burglary, in addition to a one-year term for an accompanying firearm specification.
In a single assignment of error, Friend now argues that the trial court erred in imposing the maximum term of incarceration for burglary without making the required statutory findings.
As a threshold issue, the state argues that this court does not have jurisdiction to address the assignment because the eighteen-month term was an agreed sentence. We disagree. Although Friend stated that he understood and agreed to the trial court's conditions for the imposition of a six-month term rather than the maximum sentence, there was no true agreement reflected in the record. In the context of the entire colloquy that occurred at the hearing, it was evident that the court was making a pronouncement about its intent to impose the maximum term, rather than a recitation of terms that Friend had negotiated with the state. We conclude, therefore, that we have jurisdiction to review the sentence.
Friend first argues that the court erred in imposing a sentence greater than the minimum term of incarceration. To impose more than the minimum prison sentence for an offender who has not served a previous prison term, the trial court must find that the minimum term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crimes by the offender or others.[1] In the case at bar, the court made both findings, which the record supported. Accordingly, we find no error in the imposition of greater than the minimum sentence.
Friend also argues that the court erred in imposing the maximum prison sentence. To impose the maximum term of incarceration, the trial court must find either that the defendant committed the worst form of the offense or that he poses the greatest likelihood of committing future crimes.[2] In addition, the court must state on the record its reasons for imposing the maximum term.[3]
In the case at bar, the trial court did not make either of the statutory findings. The state argues, though, that Friend's arrest on new charges while awaiting sentencing in the case at bar, as well as his failure to appear at the sentencing hearing, indicated that he posed the greatest likelihood to commit crimes in the future. Although we agree that those circumstances do suggest the likelihood of recidivism,[4] the trial court did not make the finding that Friend posed the greatest likelihood to commit future crimes.
In the absence of the required statutory findings, the trial court erred in imposing the eighteen-month prison term. The assignment of error is sustained, the sentence is vacated, and the cause is remanded for resentencing in accordance with the foregoing and the law.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Hildebrandt and Gorman, JJ.
[1] R.C. 2929.14(B).
[2] R.C. 2929.14(C); State v. Johnson, 1st Dist. No. C-030643, 2004-Ohio-3624, at ¶ 23.
[3] R.C. 2929.19(B)(2)(d).
[4] See State v. Price, 1st Dist. No. C-030262, 2003-Ohio-7109, at ¶ 15 (defendant's failure to appear is relevant in assessing the likelihood that he will commit future crimes).