DECISION.
{¶ 1} On September 2, 2003, Catherine Dangerfield pleaded guilty to one count of trafficking in cocaine, a third-degree felony, in violation of R.C. 2925.03(A)(1). Shortly thereafter, Dangerfield retained a new attorney. On October 28, 2003, Dangerfield moved to withdraw her guilty plea on the basis that her former attorney had misrepresented the amount of prison term that she would serve. Dangerfield stated that she believed when she entered her guilty plea that she would be sentenced to no more than three to five months in jail, would go to boot camp, and would be released with no additional penalties. On December 11, 2003, the trial court held a hearing on the withdrawal motion. After listening to arguments from Dangerfield's attorney and the assistant prosecutor, the trial court questioned Dangerfield directly about her allegations. At the conclusion of the hearing, the trial court overruled the motion and sentenced Dangerfield to a one-year prison term.[1] Dangerfield now appeals.
 {¶ 2} In her sole assignment of error, Dangerfield contends that the trial court erred by denying her Crim.R. 32.1 motion to set aside her guilty plea. Dangerfield cites State v.Xie[2] for the proposition that presentence motions to withdraw guilty pleas must be freely granted.
 {¶ 3} While we agree that Xie stands for the proposition that a defendant's presentence motion to withdraw a guilty plea should be "freely and liberally granted," the Ohio Supreme Court also stated in Xie that this does not afford defendants an absolute right to withdraw a guilty plea prior to sentencing.[3] The Xie court held that when a defendant files a Crim.R. 32.1 motion prior to sentencing, the trial court must conduct a hearing to determine if there is a reasonable and legitimate basis for the withdrawal.[4] Furthermore, a trial court's decision on the motion is within its sound discretion.[5] Consequently, we must review the trial court's decision in this case and determine whether it was unreasonable, arbitrary or unconscionable.[6]
 {¶ 4} This court has utilized a series of factors to aid us in determining whether a trial court has properly exercised its discretion.[7] They include the following: (1) whether the accused was represented by highly competent counsel; (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea; (3) whether a full hearing was held on the withdrawal motion; (4) whether the trial court gave full and fair consideration to the motion;[8] (5) whether the motion was made within a reasonable time; (6) whether the motion set forth specific reasons for the withdrawal; (7) whether the accused understood the nature of the charges and the penalties; and (8) whether the accused was perhaps not guilty or had a complete defense to the charges.[9]
 {¶ 5} While we acknowledge the lack of prejudice to the state in this case, we cannot conclude that the trial court abused its discretion in denying Dangerfield's motion when other factors weighed heavily in favor of denying the motion. Our review of the record reveals that the trial court comprehensively discussed Dangerfield's rights under Crim.R. 11 prior to accepting her plea. The trial court specifically asked Dangerfield if any promises had been made to her. Dangerfield answered, "[N]o sir." The trial court then asked Dangerfield if she understood that it could sentence her to up to five years in prison and furthermore that there was a presumption that she would get one year of imprisonment. Dangerfield again replied, "[Y]es sir." The trial court stated that Dangerfield had competent counsel and noted that she had attended college for two years. The court informed Dangerfield that if she appeared at sentencing as promised, she would receive the agreed one-year sentence.
 {¶ 6} At the hearing on Dangerfield's withdrawal motion, the court addressed both counsel and Dangerfield. The trial court asked Dangerfield if the form she had signed when she entered her plea clearly reflected that she would receive one year. Her answer was, "[Y]es sir." The trial court also asked her if it had ever discussed boot camp with her, and she said, "[N]o sir, you did not." Dangerfield contended, however, that her attorney had represented to her that she would go to boot camp and serve less than one year. There is nothing in the record, however, to support this claim. Dangerfield refused to testify during the withdrawal hearing, relying solely on the statements in her affidavit, and although she was represented by new trial counsel, she presented no evidence from her former attorney that would have supported her claim.
 {¶ 7} Because Dangerfield had highly competent counsel, she received her full Crim.R. 11 rights, she was given a full hearing on her motion where the court fully and fairly considered her motion, and she presented no reasonable basis for the withdrawal of her guilty plea, we cannot say the trial court abused its discretion in overruling her withdrawal motion. We, therefore, overrule her sole assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
Doan, P.J., concurs.
Painter, J., concurs separately.
[1] Dangerfield posted an appellate bond. Her sentence has been stayed during the pendency of this appeal.
[2] State v. Xie (1992), 62 Ohio St.3d 521, 527,584 N.E.2d 715.
[3] Id.
[4] Id. at paragraph one of the syllabus.
[5] Id. at paragraph two of the syllabus.
[6] Id.
[7] State v. Calloway, 1st Dist. No. C-040066,2004-Ohio-5613, at ¶ 12; State v. Price, 1st Dist. No. C-030262, 2003-Ohio-7109, at ¶ 6; State v. Austin, 1st Dist. Nos. C-010167 and C-010168, 2001-Ohio-4027.
[8] State v. Peterseim (1980), 68 Ohio App.2d 211, 214,428 N.E.2d 863.
[9] State v. Fish (1995), 104 Ohio App.3d 236, 240,661 N.E.2d 788.