OPINION
{¶ 1} In two assignments of error, defendant-appellant Fred Price appeals from the conviction and sentence imposed for aggravated robbery, a felony of the first degree, and the accompanying firearm specification. Price absconded after making his guilty plea and agreeing to a six-year prison term, but before the sentence was imposed. He was ultimately sentenced to a seven-year prison term. A trial court is not bound by an agreed sentence where a defendant absconds before sentence and, after his arrest, the trial court overrules his motion to withdraw his guilty plea. Therefore, we affirm the judgment below.
 {¶ 2} In January 2002, Price and two accomplices held a victim at gunpoint and took his jacket, jewelry, and money. Price confessed to the police and cooperated in their investigation of the robbery. On the day of trial, Price and the state entered into a plea agreement. In exchange for the dismissal of one count and an agreed sentence of a minimum three-year prison term for aggravated robbery, made consecutive to the mandatory three-year prison term for the firearm specification, Price agreed to enter a plea of guilty.
 {¶ 3} After accepting the guilty plea, the trial court informed Price that "because of your cooperation, I'll go along and leave you out on bond. Make sure you cooperate with probation. Above all else, make sure you're back here on [May 9, 2002] at 9:00, or things can go down hill quickly for you." Price failed to appear for the sentencing hearing. He was an absconder for nine months until his arrest on February 14, 2003.
 {¶ 4} Two weeks after his arrest, Price filed a motion to withdraw his guilty plea. The trial court held a hearing on the motion, at which Price testified that he wished to withdraw his plea because his trial counsel had failed to meet with him and to explain the plea bargain. Price noted that he had told the trial court at the guilty-plea hearing that he did not "feel like [he was] being treated right." The trial court overruled the motion and sentenced Price to a prison term of seven years, one year more than the agreed sentence reached before he had absconded.
 {¶ 5} In his first assignment of error, Price now contends that the trial court abused its discretion when it denied his presentence motion to withdraw his guilty plea. While Crim.R. 32.1 permits a criminal defendant to move to withdraw a plea of guilty before the imposition of sentence, a defendant does not have an absolute right to withdraw his guilty plea. See State v. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, paragraph one of the syllabus. The trial court must conduct a hearing to determine "whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. The disposition of the motion is ultimately committed to the sound discretion of the trial court. Its decision may not be disturbed on appeal in the absence of some demonstration that it abused its discretion. See State v. Xie, paragraph two of the syllabus.
 {¶ 6} To determine if the trial court has abused its discretion, we look to the factors adopted in State. v. Peterseim (1979),68 Ohio App.2d 211, 214, 428 N.E.2d 863: (1) whether the accused was represented by highly competent counsel; (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea; (3) whether a full hearing was held on the motion; and (4) whether the trial court gave full and fair consideration to the motion. In addition to these factors, this court's decision in State v. Fish (1995), 104 Ohio App.3d 236, 240,661 N.E.2d 788, urges us to consider (5) whether the motion was made within a reasonable time; (6) whether the motion set out specific reasons for the withdrawal; (7) whether the accused understood the nature of the charges and the possible penalties; and (8) whether the accused was perhaps not guilty or had a complete defense to the charges.
 {¶ 7} After a review of the record, we cannot say that the trial court abused its discretion in denying Price's motion to withdraw his plea. Price was represented by competent counsel whose professional abilities were well known to the court. Despite Price's inculpatory statements to the police, his trial counsel negotiated a plea agreement in which the state dismissed one charge and agreed to the imposition of the minimum prison term for aggravated robbery in exchange for Price's guilty plea.
 {¶ 8} Pursuant to the letter and the spirit of Crim.R. 11, at the time of Price's first appearance in court, the trial court conducted a thorough inquiry to determine if Price's plea was a knowing and voluntary one before it was accepted. The court gave Price an opportunity to explain why he thought that he was not being "treated right." When Price agreed to go forward with his counsel, the trial court carefully explained the nature of the charges and the possible maximum penalty of ten years' confinement plus the mandatory consecutive three-year term for the firearm specification. The court also scrupulously informed Price of the constitutionally and statutorily guaranteed rights he would waive if he entered a guilty plea. See Crim.R. 11(C).
 {¶ 9} After Price filed his motion to withdraw his guilty plea, the trial court conducted a hearing to discuss the merits of the motion. Price testified at the hearing that, prior to entering his plea, his trial counsel had failed to meet with him and had failed to discuss the case with him. This had prompted him to request a continuance to retain a new attorney. Nonetheless, Price stated that he proceeded to enter his guilty plea because he "was scared." The transcript of the guilty-plea hearing shows that Price acknowledged to the trial court that he had discussed the case with his trial counsel.
 {¶ 10} Also at the withdrawal hearing, Price indicated that this was the first time that he had been "in trouble," in response to a question by the second attorney representing him. But, the trial court noted, the presentence investigation reflected that Price had multiple juvenile adjudications for aggravated robbery, burglary, receiving stolen property, and parole violations.
 {¶ 11} The trial court reviewed the transcript of the plea colloquy, heard Price's testimony, entertained the arguments of counsel, and overruled the motion, giving reasons for its ruling. The court noted that Price had made his motion only after his arrest. The court emphasized that, in light of the nearly one-year delay between the scheduled trial date and the making of the motion to withdraw the plea, the state's ability to proceed to trial would have been prejudiced if the motion was granted. Prejudice to the state and a long delay in the proceedings are two major considerations weighing in favor of overruling a motion to withdraw a plea of guilty. See State v. Jefferson, 1st Dist. No. C-020802, 2003-Ohio-4308, at ¶ 11-12 (Painter, J., concurring).
 {¶ 12} These facts were compelling evidence of the State v.Peterseim factors, and they persuade us that the trial court did not act arbitrarily, unconscionably, or unreasonably. The first assignment of error is overruled.
 {¶ 13} In his second assignment of error, Price contends that the trial court erred in imposing a seven-year prison term for the commission of a first-degree felony and its accompanying firearm specification when the agreed sentence reached before he absconded was for a total of six years. He argues that the sentence was excessive, did not comply with the guidelines and procedures set forth in R.C. Chapter 2929, and was based on factors outside those statutory guidelines, as the trial court impermissibly considered his failure to appear at the original sentencing hearing as an aggravating factor in adding one year to the sentence.
 {¶ 14} First, Price, as the party who breached the plea agreement, was not entitled to enforcement of the six-year agreed sentence. As we noted in State v. Daniels, 1st Dist. Nos. C-010070 and C-010087, 2001-Ohio-8749, a defendant's failure to appear for sentencing voids the terms of an agreed sentence, where, as here, he had been warned of the serious consequences for failing to appear. Thus the only matter for our resolution is whether the trial court complied with the sentencing guidelines and gave proper weight to Price's nearly one-year absence from sentencing.
 {¶ 15} A defendant's failure to appear is a relevant factor in assessing his likelihood of recidivism, when a court considers the appropriateness and the length of a sentence for an individual offense. See State v. Lowery, 1st Dist. No. C-030316, 2003-Ohio-5669 at ¶ 22; see, also, State v. Daniels.
 {¶ 16} Here, the trial court completed a felony sentencing worksheet. It also made oral findings and gave reasons supporting those findings at the sentencing hearing, as mandated by State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473. The trial court, pursuant to R.C. 2929.12(D), noted that recidivism was likely, as Price had prior serious juvenile delinquencies and prior unsuccessful probation or parole periods, and showed no genuine remorse, in addition to his one-year absence from sentencing. Price was in violation of two juvenile parole orders when he committed this offense. The trial court properly made the finding that to impose the shortest term of imprisonment would demean the seriousness of the offense and would not adequately protect the public. See R.C. 2929.14(B). It is significant that the four-year sentence imposed by the trial court for aggravated robbery was substantially shorter than the maximum ten-year term.
 {¶ 17} The seven-year sentence imposed for aggravated robbery and the accompanying firearm specification was within the statutory bounds and was supported by the record. The second assignment of error is overruled.
 {¶ 18} Therefore, the judgment of the trial court is affirmed.
Judgment affirmed.
Painter and Winkler, JJ., concur.