OPINION
{¶ 1} In this appeal, we are asked to determine whether a trial judge who agrees to impose a negotiated sentence is bound by that agreement, even though the defendant fails to appear for sentencing at the appointed time. Reluctantly, we answer "yes."
 {¶ 2} On April 9, 2007, Michael Layman entered a guilty plea to fifth degree felony *Page 2 
breaking and entering. The trial judge "approve[d] and accept[ed]" the agreement between Layman and the State that if a sentence were imposed, it would not exceed seven months. After pleading guilty, Layman's bond was reduced and he was released from custody pending sentencing, which was scheduled for April 23. Layman failed to appear on April 23 and a capias was issued for his arrest. Layman was before the court for sentencing July 30, at which time the trial judge imposed a sentence of ten months, notwithstanding Layman's counsel's reminding the judge of his agreement to impose no more than seven months. The trial court, in effect, stated that he was not bound by his earlier agreement to limit any sentence to seven months because Layman had failed to appear for sentencing as scheduled. The judge also said that he had reduced Layman's bond on the understanding that he would appear for sentencing on the scheduled date. Layman offered no excuse for not appearing for sentencing April 23.
 {¶ 3} Layman assigns as error the trial judge's failure to honor his agreement to limit any prison sentence to seven months. The State responds with five appellate cases in support of its contention that Layman's failure to appear for sentencing was a breach of the plea agreement, which excused the State and the trial court from their prior commitments.
 {¶ 4} Layman correctly points out that four of these cases are wide of the mark because they involve only the State's commitment as to sentencing and not a commitment by the trial judge. State v.Bonner, Defiance App. Nos. 4-04-05, 4-04-06, 4-04-07, 2004-Ohio-6043;State v. Doyle (Apr. 5, 2001), Muskingum App. No. 00CA15; State v.Hess (Dec. 24, 1991), Adams App. No. 515; State v. Randazzo (Sept. 30, 1988), Geauga App. No. 1420.
 {¶ 5} The only case cited by the State that arguably involves thetrial court's agreement to a specific sentence is State v. Price, Hamilton App. No. C-030262, 2003-Ohio-7109. In *Page 3 Price, the court concluded that the defendant's failure to appear for sentencing (he was an absconder for nine months) voided the agreement that the sentence would be limited to six years. Price, however, put great weight on the fact that the defendant was warned by the trial judge that he would face dire consequences should he fail to appear for sentencing:
 {¶ 6} "After accepting the guilty plea, the trial court informed Price that `because of your cooperation, I'll go along and leave you out on bond. Make sure you cooperate with probation. Above all else, make sure you're back here on [May 9, 2002] at 9:00, or things can go down hill quickly for you.'
 {¶ 7} "* * *
 {¶ 8} "* * * Price, as the party who breached the plea agreement, was not entitled to enforcement of the six-year agreed sentence. As we noted in State v. Daniels, 1st Dist. Nos. C-010070 and C-010087, 2001-Ohio-8749, a defendant[']s failure to appear for sentencing voids the terms of an agreed sentence, where, as here, he had been warned of the serious consequences for failing to appear."Price at ¶ 3, ¶ 14.
 {¶ 9} Assuming that Price does deal with a trial judge's agreement to impose a certain sentence, we believe it is distinguishable from the facts of this case in that the trial judge here did not warn Layman before he was released from custody of the dire consequences of his failing to appear for sentencing at the appointed time. The record does not demonstrate that the trial court informed Layman before he was released that any bond reduction would be with the understanding that he would appear, as ordered, for sentencing.
 {¶ 10} Perhaps anticipating a skeptical appellate panel, Layman states in his reply brief:
 {¶ 11} "The obvious question is: Why should a defendant be given the benefit of a [sic] *Page 4 
agreed upon sentence when he does not appear for the sentencing as required? This would seem to reward a defendant for his unlawful conduct. The answer is that, in this case, the Appellant was induced to plead and give up his constitutional rights by the Trial Court's assurance he would receive seven months. It would be a different situation if the Appellee only agreed to recommend seven months because the Trial Court could have still rejected that recommendation. But where the Trial Court makes a defendant a promise, the law requires that it keep that promise, unless it informs the defendant that the promise is contingent on his appearance at sentencing as it did in Price. Also, as held in Bonnell, if the Trial Court decides it will not keep its promise, it must give the defendant an opportunity to withdraw his plea. The Trial Court did not give the Appellant this opportunity."
 {¶ 12} The Bonnell case, referred to in the above-quoted passage, is virtually on all fours with the facts of this case, and it supports Layman's contention that he was entitled to the agreed-upon sentence, notwithstanding his misconduct. State v. Bonnell, Clermont App. No. CA2001-12-094, 2002-Ohio-5882. Bonnell, somewhat like Layman, took it upon himself to delay sentencing until after the Christmas holidays. When he was finally brought before the court for sentencing after being arrested in Tennessee, the trial court imposed a prison sentence notwithstanding its earlier commitment not to impose prison time. (Jail time as a condition of community control was a possibility.)
 {¶ 13} The Twelfth District reversed and remanded for one of two possible remedies: (1) imposition of the original sentence, or (2) permission to Bonnell to withdraw his guilty plea if the trial court believed the agreed-to sentence was no longer appropriate.
 {¶ 14} The court stated, in part, as follows: *Page 5 
 {¶ 15} "When a trial court promises a certain sentence, the promise becomes an inducement to enter a plea, and unless that sentence is given, the plea is not voluntary. State v. Triplett (Feb. 13, 1997), Cuyahoga Co. App. No. 69237. Accordingly, a trial court commits reversible error when it participates in plea negotiations but fails to impose the promised sentence. Id.; State v. Walker (1989),61 Ohio App.3d 768, 573 N.E.2d 1158.
 {¶ 16} "In this case, the trial court promised appellant that it would not sentence him to prison. This promise was definite and certain. The facts of this case differ from cases in which a trial court states that it is inclined to sentence a defendant in a particular way and states that inclination in conditional terms. See State v. Burton (1977), 52 Ohio St.2d 21, 368 N.E.2d 297 (defendant cautioned by trial court that he would not receive consideration in sentencing if arrested before hearing). The facts also differ from those cases in which the state recommends a sentence and the trial court is not directly involved in plea negotiations. State v. Gastaldo (Sept. 21, 1998), Tuscarawas App. No. 98AP010006 (trial court informed defendant that it was not bound by recommended sentence); State v. Skrip, Greene App. No. 2001-CA-74, 2002-Ohio-[1788] (trial court stated that it did not promise anything with regard to plea agreement and that the underlying agreement was between the defendant and the state, not the court).
 {¶ 17} "Furthermore, the trial court did not give appellant any notice that it intended to deviate from the terms of the plea bargain. We recognize that there are instances in which a trial court intends to sentence a defendant in one manner and circumstances or facts arise which make the promised sentence inappropriate. As it read the sentence, the trial court seemed to allude to the fact that a change in sentence was necessary as it stated that it was not going to tolerate appellant's absconding and that it didn't want appellant on a community control *Page 6 
sanction. However, prior to the time it was pronouncing the sentence, the trial court never stated that it intended to deviate from the agreement. The trial court also failed to give appellant a chance to withdraw his plea either before or after announcing the prison sentence.
 {¶ 18} "The analysis in cases such as this one centers on whether the defendant was put on notice that the trial court might deviate from the terms of the plea agreement and whether the defendant was given an opportunity to withdraw his plea after receiving notice. See Warren v.Cromley (Jan. 29, 1999), Trumbull Co. App. No. 97-T-0213. In this case, the trial court did not clearly state its intention to deviate from the plea terms. See State v. Gastaldo (Sept. 21, 1998), Tuscarawas App. No. 98AP010006 (trial court stated its intention to vary sentence from the terms of original agreement); Cromley (trial court notified defendant that it had a problem with recommendation of the state to return weapons after it received investigation report). Nor did the trial court give appellant the opportunity to withdraw his plea in light of the change from the negotiated terms of the plea bargain. See State v. Willey, Washington App. No. 01CA37, 2002-Ohio-2849 (no error occurred when trial court offered defendant opportunity to withdraw his plea after informing him of its unwillingness to abide by previous comments about sentencing).
 {¶ 19} "We find reversible error occurred in this case because the trial court explicitly promised appellant it would not sentence him to prison, then failed to follow through on its promise at the sentencing hearing without stating its intention and without giving appellant the opportunity to withdraw his plea." Bonnell at ¶ 18-22 (footnote omitted).
 {¶ 20} Because the facts of this case correspond in all material respects with those in Bonnell, which we find persuasive, the assignment of error is sustained.
 {¶ 21} The judgment will be reversed, and the matter will be remanded for either *Page 7 
imposition of a seven-month sentence or permission to Layman to withdraw his guilty plea.
 {¶ 22} Counsel for Layman should take note of App.R. 9(A) which requires a written transcript, notwithstanding that a videotape of proceedings has been filed. We have viewed the videotape in disposing of this appeal, but we are not required to do so. See State v. Smith, Montgomery App. No. 20835, 2005-Ohio-5588.
 FAIN, J. and DONOVAN, J., concur. *Page 1