The STATE of Ohio, Appellee,

v.

ARDE, Appellant.

[Cite as *State v. Arde*, 190 Ohio App.3d 196, 2010-Ohio-5274.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23882.

Decided Oct. 29, 2010.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and R. Lynn Nothstine, Assistant Prosecuting Attorney, for appellee.

Richard A. Nystrom, for appellant.

BROGAN, Judge.

{¶ 1} Appellant, Angela Arde, appeals the decision of the Montgomery County Court of Common Pleas, sentencing Arde to nine years in prison, which was longer than the three-year sentence agreed upon in Arde's plea agreement. Arde contends that she was required only to comply with the rules set out by the court in order to receive her agreed prison term, and since she did comply, she should have received the agreed prison term. Because Arde complied with the conditions of the plea agreement, the three-year sentence should have been imposed, instead of the nine-year sentence. For the following reasons, the judgment of the trial court is reversed.

I

{¶ 2} For a few years, Angela Arde was employed as a financial manager for Direct Management, L.L.C. Between September 1, 2005, and September 30, 2009, she managed the books for four small companies. While acting as the financial manager, Arde embezzled money totaling $348,953.82. Arde embezzled money by writing checks to herself from these businesses. After creating the checks, she erased the checks from the computer database, enabling her to hide her thefts. She was not discovered until the various companies, on the verge of dissolving, took a closer look at the books.

{¶ 3} On December 29, 2009, Arde waived indictment, and she pleaded guilty to three felony charges: one count of aggravated theft in excess of $100,000, a felony of the third degree; one count of grand theft in excess of $5,000, a felony of the fourth degree; and one count of tampering with records, a felony of the

third degree. Arde and the state of Ohio negotiated an agreement in which Arde would plead guilty to the three above charges in exchange for a three-year prison sentence and restitution in the amount of $348,953.82.

{¶ 4} Before delivering the plea colloquy, the trial court stated, "I'm agreeing to sentence you to three years. That's conditioned on the fact that you don't get into trouble between now and then, that you show up for your reporting dates to the probation department and that you show up for sentencing." The trial court went on to say, "If you don't do any of those things, the pleas stand, but rather than three years, I can sentence you to more or less depending upon what I decide after I read the PSI." Arde knowingly and voluntarily pleaded guilty to the charges, and a date for sentencing was set.

{¶ 5} A week before sentencing, the trial court held a hearing and asked Arde where the embezzled money went. Arde responded that her ex-husband was a drug addict who bounced checks in their joint account, and that she had paid that back. She also said, "I know I paid bills and fed my kids and just living expenses, and trying to get myself out of debt that he got me into when we were going through the divorce."

{¶ 6} The trial court judge then stated:

{¶ 7} "At the time of the pleas, I agreed that I would sentence you to three years with restitution of approximately $350,000 on the condition that you show up for your appointments, which you did; you show up today, which you did; you do not get into any trouble, pick up a new—any new offenses; that's fine.

{¶ 8} "And cooperate with the writer. Be honest and complete in what was going on. I believe that you did not comply with that agreement. And I do not feel that I can stick to my part of the agreement that I would sentence you to three years. I think with no indication of where the money went and with $200 in your checking account, there's no way anyone is going to see a penny of restitution. And that was part of the plea agreement."

{¶ 9} The trial court concluded by declaring, "Based upon [Arde's] failure to give any specifics about what happened to the money in this case, I do not believe that I am bound by a three-year sentence."

{¶ 10} The day of sentencing, the trial court stated, "Before we proceed, last week I indicated on the record that I did not believe the defendant was cooperating with Pre-trial Services and with the Probation Department. And, therefore, I was going to allow her to withdraw her plea if she so chose because I do not feel that I can go forward with the three year sentence." Upon asking Arde what her decision was, her counsel stated, "Your Honor, we're going to stand on the plea and ask the Court to enforce the three-year agreement."

{¶ 11} The trial court sentenced Arde to four years for the aggravated-theft charge, one year for the grand-theft charge, and four years for the tampering-with-records charge. The sentences were to run consecutively, for an aggregate prison sentence of nine years. Arde was also to pay restitution in the amount of $348,953.82.

{¶ 12} It is from this sentence that Arde now appeals.

## II

{¶ 13} Arde sets forth two assignments of error. The first assignment of error is as follows:

{¶ 14} "Whether it was error for the court to sentence defendant to nine years prison instead of the three year term negotiated by the state and defendant that was ratified by the court at defendant's plea hearing and thereby compromised defendant's constitutional rights to due process under the Fifth and Fourteenth Amendment of the United States Constitution and Article I Section 10 of the Ohio State Constitution."

{¶ 15} Arde argues that there was an agreement made between her and the state for a three-year prison term, as long as the conditions given by the trial court were met. Arde contends that since she followed the conditions of the trial court, it should honor the plea agreement made between her and the state.

{¶ 16} The state argues that Arde did not meet the conditions given to her by the trial court because she failed to be forthcoming to the probation department in regard to the location of the embezzled money, or for what it was used. Since Arde did not meet the conditions of the plea, the state contends that the trial court was not bound by the agreed three-year sentence.

{¶ 17} The principles of contract law are generally applied to the enforcement as well as the interpretation of plea agreements. One of the principles is that when there is an ambiguity in a plea agreement, the ambiguity is to be construed against the prosecution. *State v. Bethel,* 110 Ohio St.3d 416, 2006-Ohio-4853, 854 N.E.2d 150, ¶ 50–52.

{¶ 18} The decision to accept or reject a plea bargain rests solely within the discretion of the trial court. *State v. Asberry,* 173 Ohio App.3d 443, 2007-Ohio-5436, 878 N.E.2d 1082. If the trial court accepts a plea agreement on the record, it must honor it. If the trial court imposes anything other than the agreed-upon sentence, the sentence is rendered void or voidable. *State v. Patrick,* 163 Ohio App.3d 666, 2005-Ohio-5332, 839 N.E.2d 987.

{¶ 19} In the present case, the trial court agreed to the plea agreement negotiated between Arde and the state, on the conditions (1) that Arde did not

"get into trouble" between the plea agreement and sentencing, (2) that Arde show up for reporting dates to the probation department, and (3) that Arde show up for sentencing. Nowhere in the agreement did Arde have to be honest or forthcoming about how the embezzled money was spent or if Arde had any money left. If the trial court was interested in the whereabouts of the money, it should have expressly made that one of the conditions of the plea agreement.

{¶ 20} While the state argues that Arde did not follow the condition that she stay out of trouble because she was not forthcoming with the probation department, that argument is flawed. Since the phrase "don't get into trouble" can encompass many different interpretations, it is ambiguous. This phrase should be construed in favor of Arde. The general meaning of "don't get into trouble" is generally interpreted in these situations as not getting arrested, which Arde complied with. If the trial court wanted a condition of the agreement to be that Arde comply with the probation department, it should have made that an express condition of the plea agreement.

{¶ 21} Arde and the state, after negotiations, came to a meeting of the minds and agreed upon a three-year prison sentence as well as $348,953.82 in restitution. The trial court agreed to this plea, on the condition that Arde follow a few guidelines. Since Arde complied with all the conditions the trial court set, Arde should have received the agreed-upon prison term of three years.

{¶ 22} Arde's first assignment of error is sustained.

### III

{¶ 23} Arde's second assignment of error is as follows:

{¶ 24} "Whether it was error for the court, at sentencing, to order defendant to pay restitution in the amount of $350,953.82 instead of the $348,953.82 amount negotiated by the state and defendant that was ratified by the court at defendant's plea hearing and thereby compromised defendant's constitutional rights to due process under the Fifth and Fourteenth Amendment of the United States Constitution and Article I Section 10 of the Ohio State Constitution."

{¶ 25} Arde argues that the amount of restitution is $2,000 greater than the agreed upon total and that her sentence needs to be revised to reflect the amount knowingly and voluntarily agreed to by all parties.

{¶ 26} However, the trial court had already issued an amended termination entry that corrected the order for restitution to the sum of $348,953.82.

{¶ 27} Arde's second assignment of error is moot.

IV

{¶ 28} Arde's first assignment of error is sustained, and the judgment of the trial court is reversed. The nine-year sentence given by the trial court is vacated, and this cause is remanded to the trial court for resentencing.

Judgment accordingly.

DONOVAN, P.J., concurs.

FROELICH, J., concurs in part and dissents in part.

FROELICH, Judge, concurring in part and dissenting in part.

{¶ 29} I concur in the reversal, but dissent as to the remedy.

{¶ 30} The appellant, as an explicit condition of the three-year plea agreement, was required to report to the probation department for a presentence investigation. Truthfulness is necessary for the PSI writer to do the job for which the appellant was ordered, and agreed, to report. It is not conceivable that anyone involved directly or even indirectly with this plea agreement—the judge, the prosecutor, the complainants, the defense attorney, the defendant or the probation officer—did not contemplate and assume that appellant would be truthful at her meeting with the probation officer. I would, therefore, hold that truthfulness was an implicit or implied condition of the terms of the plea agreement.

{¶ 31} However, one party to an agreement or a contract cannot unilaterally decide that another party has breached its terms and that the agreement is void. I would reverse the nine-year sentence and remand for a hearing at which the state would have the burden of proving that the defendant breached her implied agreement to be truthful.

{¶ 32} The court, in explaining its decision to void the agreement, gave reasons in addition to the appellant's perceived lack of honesty; for example, the "very calculated, very scheming and very deliberate" manner in which the money was taken and the "calculating and convincing" lies the appellant told the victims, resulting in one family's going without Christmas gifts. The intentionality and callousness of a defendant's crime are legitimate considerations in imposing sentence. However, these factors were either known or should have been known at the time of the plea agreement, and, to this extent, I agree with the majority that they are not lawful reasons for voiding the agreement.

{¶ 33} The only issue at the hearing would be whether the appellant was truthful regarding the money she stole. If the state were to meet its burden, then the trial court could void the agreement and allow the appellant to withdraw her plea. If the state did not prove that the defendant violated the agreement by

lying, then I would agree with the majority that the agreement is binding and the court must impose the three-year agreed-upon sentence.