[Cite as *State v. Anderson*, 2014-Ohio-4699.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

STATE OF OHIO

     Plaintiff-Appellee

v.

DWIGHT ANDERSON

     Defendant-Appellant


Appellate Case No.    26056

Trial Court Case Nos.   2012-CR-3500
                           2012-CR-3500/1

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

# O P I N I O N

Rendered on the 24th day of October, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
       Attorney for Plaintiff-Appellee

DAVID. M. MORRISON, Atty. Reg. No. 0087487, P.O. Box 750383, Dayton, Ohio 45475
       Attorney for Defendant-Appellant

. . . . . . . . . . . . .


WELBAUM, J.

{¶ 1}    Defendant-appellant, Dwight Anderson, appeals from the 14-month prison sentence he received in the Montgomery County Court of Common Pleas after pleading guilty to one count of possessing heroin. Anderson contends the trial court erred in failing to sentence him pursuant to the terms of a negotiated plea agreement that was previously accepted by the trial court. For the reasons outlined below, we will reverse the judgment of the trial court and remand the matter so that the trial court may either sentence Anderson according to the plea agreement or allow Anderson to withdraw his guilty plea.

{¶ 2}    On December 4, 2012, Anderson was indicted for one count of possessing heroin in an amount greater than one gram but less than five grams in violation of R.C. 2925.11(A), a felony of the fourth degree. Anderson initially pled not guilty to the charge, but later changed his plea to guilty after reaching a negotiated plea agreement with the State. Pursuant to the plea agreement, Anderson agreed to plead guilty as charged, and in exchange, the State agreed that if he were sentenced to prison, the sentence would be capped at 12 months. The State also agreed to proceed to sentencing after April, 20, 2013, the due date for the birth of Anderson's first grandchild.

{¶ 3}    The trial court was informed of the plea agreement at the March 11, 2013 plea hearing. After the plea agreement was stated on the record, the trial court said that: "Other than the cap of the potential penalty, this is a felony of the fourth degree. It carries maximum 18 months. By agreement, it's capped at 12 months." Plea Hearing Trans. (Mar. 11, 2013), p. 4. Thereafter, the trial court accepted Anderson's guilty plea, ordered a presentence investigation report, and scheduled a sentencing hearing for April 22, 2013.

{¶ 4}   On April 19, 2013, defense counsel filed a motion to continue the sentencing hearing for the reason that Anderson was allegedly admitted to the Miami Valley Hospital for surgery.   The trial court did not rule on the motion and held the sentencing hearing as scheduled.  When Anderson failed to appear at the hearing, defense counsel informed the trial court that Anderson left him a voice message saying that he was in the hospital; however, counsel explained that he had been unable to confirm Anderson's admittance.   As a result, the trial court ordered a capias for Anderson's arrest.   Eight months later, Anderson was apprehended and brought before the trial court.

{¶ 5}   On December 30, 2013, Anderson appeared for sentencing.   He claimed that he previously did not appear at sentencing due to an unexplained "medical situation."   Thereafter, the trial court sentenced him to 14 months in prison, suspended his driver's license for 12 months, and ordered him to pay court costs.   Neither the trial court nor the parties mentioned the 12-month sentencing cap, and Anderson raised no objection to his 14-month prison sentence.

{¶ 6}   Anderson now appeals from his 14-month prison sentence, raising one assignment of error for review.   His sole assignment of error is as follows:

> THE TRIAL COURT ERRED BY FAILING TO ABIDE BY THE TERMS OF
>
> THE PLEA AGREEMENT NEGOTIATED BETWEEN MR. ANDERSON AND
>
> THE STATE AND ACCEPTED BY THE TRIAL COURT.

{¶ 7}   Under his single assignment of error, Anderson contends the trial court erred in sentencing him to 14 months in prison instead of capping his sentence at 12 months as negotiated in his plea agreement.   He claims this was error because the trial court accepted the plea agreement prior to his plea, did not forewarn him that the court was not bound to follow the

agreement, and did not inform him that the agreement was conditioned on his appearance at the sentencing hearing.

{¶ 8} As a preliminary matter, and as noted above, Anderson failed to raise the alleged sentencing error before the trial court. "Ordinarily, a failure to bring an error to the attention of the trial court at a time when the court could correct that error constitutes a waiver of all but plain error." *State v. Johnson*, 164 Ohio App.3d 792, 2005-Ohio-6826, 844 N.E.2d 372, ¶ 22 (2d Dist.), citing *State v. Wickline*, 50 Ohio St.3d 114, 120, 552 N.E.2d 913 (1990). Plain error does not exist unless the record indicates that Anderson's sentence would clearly have been different but for the error. *Id*. at *¶ 23,* citing *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1987). (Other citation omitted.)

{¶ 9} We have previously held that "[i]f the trial court accepts a plea agreement on the record, it must honor it. If the trial court imposes anything other than the agreed-upon sentence, the sentence is rendered void or voidable." (Citation omitted.) *State v. Arde*, 190 Ohio App.3d 196, 2010-Ohio-5274, 941 N.E.2d 119, ¶ 18 (2d Dist.). This is the case because " '[w]hen the trial court promises a certain sentence, the promise becomes an inducement to enter a plea, and unless that sentence is given, the plea is not voluntary.' " *State v. Layman*, 2d Dist. Montgomery No. 22307, 2008-Ohio-759, ¶ 15, quoting *State v. Bonnell*, 12th Dist. Clermont No. CA2001-12-094, 2002-Ohio-5882, ¶ 18. (Other citation omitted.) " 'Accordingly, a trial court commits reversible error when it participates in plea negotiations but fails to impose the promised sentence.' " *Id*.

{¶ 10} "On remand for a breach of a plea agreement, two remedies are available, depending on the circumstances of the case. * * * Either the trial court must sentence appellant in

accordance with the plea agreement, or if it determines such a sentence is no longer appropriate, it must allow appellant the opportunity to withdraw his guilty plea." (Citations omitted.) *Bonnell* at ¶ 23.

{¶ 11} In *Layman*, we "reluctantly" held that when a trial court accepts a negotiated sentence, it is bound by that agreement even though the defendant fails to appear for sentencing at the appointed time. *Layman* at ¶ 1. The defendant in *Layman* entered a plea of guilty to breaking and entering after the trial court accepted a plea agreement providing that if a prison sentence was imposed, it would not exceed seven months. *Id*. at ¶ 2. After pleading guilty, the defendant's bond was reduced and he was released from custody pending the sentencing hearing. *Id*. The trial court did not warn the defendant of any consequences of failing to appear for sentencing at the appointed time. *Id*. at ¶ 9.

{¶ 12} After his release, the defendant in *Layman* failed to appear for sentencing and a capias was issued for his arrest. *Layman*, 2d Dist. Montgomery No. 22307, 2008-Ohio-759 at ¶ 2. Three months later, the defendant was apprehended and sentenced to a prison term of ten months. *Id*. The trial court stated that it was not bound by the earlier agreement to limit any sentence to seven months because the defendant had failed to appear at the sentencing hearing as scheduled. *Id*. The defendant appealed the trial court's decision, and in relying on the Twelfth District Court of Appeals's decision in *Bonnell*, 12th Dist. Clermont No. CA2001-12-094, 2002-Ohio-5882, we reversed the trial court's judgment and remanded the case for either imposition of the originally accepted sentence or to allow the defendant to withdraw his guilty plea. *Layman* at ¶ 20-21.

{¶ 13} We note that *Bonnell* involved a plea agreement providing that the defendant

would not be sentenced to prison. *Bonnell* at ¶ 19. The trial court promised the same and did not give the defendant any notice that it intended to deviate from the terms of the plea agreement. *Id*. at ¶ 20. The *Bonnell* court explained that:

> The analysis in cases such as this one centers on whether the defendant was put on notice that the trial court might deviate from the terms of the plea agreement and whether the defendant was given an opportunity to withdraw his plea after receiving notice. *See Warren v. Cromley* (Jan. 29, 1999), Trumbull Co. App. No. 97-T-0213. In this case, the trial court did not clearly state its intention to deviate from the plea terms. *See State v. Gastaldo* (Sept. 21, 1998), Tuscarawas App. No. 98AP010006 (trial court stated its intention to vary sentence from the terms of original agreement); *Cromley* (trial court notified defendant that it had a problem with recommendation of the state to return weapons after it received investigation report). Nor did the trial court give appellant the opportunity to withdraw his plea in light of the change from the negotiated terms of the plea bargain. *See State v. Willey*, Washington App. No. 01 CA37, 2002-Ohio-2849 (no error occurred when trial court offered defendant opportunity to withdraw his plea after informing him of its unwillingness to abide by previous comments about sentencing).
>
> We find reversible error occurred in this case because the trial court explicitly promised appellant it would not sentence him to prison, then failed to follow through on its promise at the sentencing hearing without stating its intention and without giving appellant the opportunity to withdraw his plea.

While the state argues that appellant was put on notice by the prosecutor's statements that a prison sentence may be appropriate, any statement by the prosecution reflects on the state's intention to comply with the plea bargain, not the court's intention.

*Bonnell* at ¶ 21-22.

{¶ 14} After a thorough review of the record, we conclude that *Layman* and *Bonnell* are analogous to the instant case and that the trial court committed plain error in failing to honor Anderson's plea agreement, which the State concedes the trial court accepted.

{¶ 15} Here, the trial court specifically stated at the plea hearing that Anderson's offense "carries maximum 18 months" and "[b]y agreement, it's capped at 12 months." Plea Hearing Trans. (Mar. 11, 2013), p. 4. In addition, the trial court did not advise Anderson that the court might, under certain circumstances, deviate from the terms of the plea agreement. If the trial court wanted to condition the plea agreement on Anderson's appearance at sentencing, it should have expressly imposed that condition. *See Arde*, 190 Ohio App.3d 196, 2010-Ohio-5274, 941 N.E.2d 119 (2d Dist.), at ¶ 19-20 (finding the trial court was bound to the plea agreement despite the defendant failing to comply with the probation department, because the trial court did not expressly condition the plea agreement on such compliance); *see also State v. Gilroy,* 195 Ohio App.3d 173, 2011-Ohio-4163, 959 N.E.2d 19, ¶ 26-28 (2d Dist.) (finding the trial court was not bound by the plea agreement because the defendant failed to comply with the trial court's express condition that defendant stay out of trouble between her plea hearing and sentencing). In this case, no express conditions were imposed on the plea agreement, and Anderson pled guilty while under the impression that he would receive no more than 12 months in prison. As a result, the

trial court's failure to honor the terms of the accepted plea agreement renders Anderson's plea less than voluntary and amounts to reversible error. *See Layman*, 2d Dist. Montgomery No. 22307, 2008-Ohio-759 at ¶ 15.

{¶ 16} Had the trial court honored the plea agreement, Anderson's prison sentence would have been no more than 12 months. Accordingly, Anderson's 14-month prison sentence would clearly have been different, but for the error. For this reason, the trial court committed plain error and Anderson's sole assignment of error is sustained.

{¶ 17} Having sustained Anderson's sole assignment of error, the judgment of the trial court is reversed and the matter is remanded for the trial court to either sentence Anderson in accordance with the plea agreement or to allow him the opportunity to withdraw his guilty plea.

. . . . . . . . . . . . .

FROELICH, P.J. and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck
Andrew T. French
David M. Morrison
Hon. Timothy N. O'Connell