**[Cite as *State v. Gay*, 2021-Ohio-970.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28851 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-860 |
| | : | |
| JORDAN DEON GAY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of March, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. KETTER, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

MARKUS L. MOLL, Atty. Reg. No. 0093795, 2621 Dryden Road, Suite 306, Dayton, Ohio 45439
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Jordan Deon Gay appeals from his convictions, on his guilty plea, for improper discharge of a firearm at or into a habitation and arson. On appeal, Gay challenges the length of the sentence imposed, which was longer than the sentence to which the parties and the trial court had agreed as part of his plea agreement. The State of Ohio concedes that the trial court erred when it sentenced Gay to a prison term that exceeded the agreed-upon prison term. This concession is accepted, and we reverse the trial court's judgment and remand for further proceedings. Upon remand, the trial court may either impose the agreed-upon prison term or, if it determines that this prison term is no longer appropriate, it must allow Gay the opportunity to withdraw his guilty plea.

### Facts and Procedural History

{¶ 2} Gay was indicted on one count of felonious assault, one count of improperly discharging a firearm at or into a habitation, and one count of arson. The felonious assault and improper discharge counts included firearm specifications. The parties ultimately entered into a plea agreement wherein Gay agreed to plead guilty to improper discharge and arson; in return, the State agreed to dismiss the felonious assault and the firearm specifications. Additionally, the parties agreed that Gay would be sentenced to a five-year prison term, but that, assuming good prison behavior, he would be granted judicial release after four years. The trial court indicated its approval and acceptance of the plea agreement.

{¶ 3} Following completion of the Crim.R. 11 plea hearing, the trial court ordered a presentence investigation report (PSI), and the sentencing hearing was scheduled four weeks after the plea hearing. Gay was on an electronic home detention bond during this period. Understanding that Gay would not be incarcerated pending sentencing, the trial

court informed Gay to "make sure" he attended the PSI interview and to "come back to court [on the scheduled date] for the imposition of sentence." But the trial court did not inform Gay that a failure to return for sentencing could result in a longer prison term.

{¶ 4} Gay did not appear at the sentencing hearing, and a capias was issued for his arrest. Approximately three months later, Gay was arrested and brought before the trial court for sentencing. Without informing Gay of its intent to do so, the trial court imposed a six-year prison term, rather than the five-year term to which the parties and the trial court had previously agreed. This appeal followed.

**Analysis**

{¶ 5} Gay's sole assignment of error is as follows:

GAY'S GUILTY PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE.

{¶ 6} This case is controlled by our decision in *State v. Layman*, 2d Dist. Montgomery No. 22307, 2008-Ohio-759. In that case, the defendant, Layman, pleaded guilty to a fifth-degree felony with the agreement, accepted by the trial court, that any prison term would not exceed seven months. Upon pleading guilty, the trial court ordered a PSI, Layman's bond was modified, and he was released from custody. The trial court did not advise Layman of any conditions associated with the sentencing agreement. Layman did not appear for the scheduled sentencing hearing, and a capias was issued. Sometime later, Layman was arrested and brought before the trial court for sentencing. Based upon Layman's failure to appear, the trial court did not think it was bound by the previously-agreed prison cap, and it imposed a ten-month prison term.

{¶ 7} We concluded that the trial court had erred; we reversed the trial court's

judgment, and the case was remanded "for either imposition of a seven-month prison sentence or permission to Layman to withdraw his guilty plea." *Id.* at ¶ 21. Our rationale for this conclusion was based upon the proposition that "when a trial court [unconditionally] promises a certain sentence, the promise becomes an inducement to enter [the] plea, and unless that sentence is given, the plea is not voluntary." (Citation omitted.) *Id.* at ¶ 15, quoting *State v. Bonnell*, 12th Dist. Clermont No. CA2001-12-94, 2002-Ohio-5882, ¶ 18. Thus, a trial court "commits reversible error when it participates in plea negotiations but fails to impose the promised sentence." *Id.*, quoting *Bonnell* at ¶ 18.

{¶ 8} But *Layman* recognized that changed circumstances could cause a trial court to conclude that an agreed sentence was no longer appropriate. When this occurs, the trial court must state its intent to deviate from the agreed sentence and provide the defendant "the opportunity to withdraw [the] plea." *Id.* at ¶ 19, quoting *Bonnell* at ¶ 22. *See also State v. Willey*, 4th Dist. Washington No. 01 CA 37, 2002-Ohio-2849, ¶ 11.

{¶ 9} In this case, pursuant to *Layman* and based upon Gay's conduct after he pleaded guilty, the trial court was not required to impose the agreed five-year prison sentence. But, before deviating from the agreement, the trial court was required to inform Gay of this decision and to provide him with an opportunity to withdraw his guilty plea. Since the trial court did not follow this procedure, the trial court's judgment must be reversed and remanded. Upon remand, the trial court must impose the agreed five-year prison term or, in the alternative, inform Gay of its intent to impose a longer prison term and give him an opportunity to withdraw the guilty plea.[1]

---

[1] Though not discussed by the trial court at the sentencing hearing or by the parties in

## Conclusion

{¶ 10} The trial court's judgment is reversed and remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Heather N. Ketter
Markus L. Moll
Hon. Mary Lynn Wiseman

this appeal, the same analysis is applicable to the judicial release agreement.