[Cite as *State v. Wilson*, 2024-Ohio-1290.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230447 |
| | | TRIAL NO. B-2203434A |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| DARRIUS WILSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed, Pleas Vacated, and Cause Remanded

Date of Judgment Entry on Appeal:April 5, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plainitff-Appellee,

*Roger W. Kirk*, for Defendant-Appellant.

**WINKLER, Judge.**

{¶1} Defendant-appellant Darrius Wilson appeals convictions for involuntary manslaughter and felonious assault. He argues that the trial court erred in accepting his guilty pleas because they were not made knowingly, intelligently, and voluntarily, and in not allowing him to withdraw his pleas. We agree that the trial court erred in accepting Wilson's pleas, although not for the reasons he states, and we reverse his convictions and vacate his pleas.

{¶2} Wilson was originally indicted for two counts of murder, two counts of felonious assault, and one count of attempted murder, all with accompanying firearm specifications. The state alleged that Wilson handed a gun to his brother, which his brother immediately used to shoot two individuals. One victim was killed and the other wounded.

{¶3} Under the terms of a plea agreement, Wilson pleaded guilty to a reduced charge of involuntary manslaughter under R.C. 2903.04(A), with one specification, and one count of felonious assault under R.C. 2903.11(A)(2). The remaining charges and specifications were dismissed. The parties agreed to an aggregate sentence of ten to 12 years in prison.

{¶4} The record shows that at the plea hearing, after the trial court had informed Wilson of the constitutional rights he would be waiving by pleading guilty, the following exchange occurred:

THE COURT: This is an agreed-upon sentence; is that correct?

THE DEFENDANT: Correct.

THE COURT: Do you understand that agreement is between your attorneys and the State, not with me?

THE DEFENDANT: Correct.

THE COURT: So that means I can sentence you according to their recommendations or I could come up with my own sentence. Do you understand?

THE DEFENDANT: Correct.

THE COURT: I'm not bound by the agreement that they came up with. Do you understand?

THE DEFENDANT: Correct.

{¶5} After accepting the plea, Wilson's counsel spoke in mitigation. He stated that Wilson was not the shooter and that Wilson did not know that his brother intended to shoot anyone. He also said that Wilson was remorseful and wished to apologize "to everyone."

{¶6} The court then permitted one victim's mother to make a statement. After she described her son and the effect of this death on his family, the court asked her, "Are you in agreement with the recommended sentence?" She replied, "Can I be honest? * * * If it were up to me I wish they could get longer sentences, anywhere from 25 years to life for the shooter because when you take a life you should do life. As an accomplice, 15 years."

{¶7} The court then asked the defendant if he had anything to say, and Wilson replied, "Nothing at all." Counsel then reiterated that Wilson was remorseful. The court then stated, "I don't see any remorse, but if you see it that's okay, but I don't see it, the victim's mother doesn't see it. Why should I go along with the agreement?" Defense counsel stated, "We've put together a lot of time in this talking to the State. I know they previously talked to the mother. All sympathies to her of course. It's my understanding they previously agreed to these times and we've come to that agreement, all with the parties involved. I would hope the Court would impose that."

**{¶8}** The state added, "Judge, I know this has been negotiated. I sympathize greatly with [the victim's mother] but these agreed pleas are negotiated based on our evidence and what we believe we can prove. And I understand 100% where she's coming from emotionally, but I know this was a well-negotiated agreement." Defense counsel then reiterated that Wilson had not been the shooter, and the victim's mother had approved the agreed plea and sentence.

**{¶9}** The court stated, "I don't believe that the Defendant is remorseful. I don't believe he cares that the victims were killed or injured in this offense. I'm not going to go along with the recommended plea." It then imposed a sentence of 15 to 19 years in prison. Wilson then moved to withdraw his pleas, and the trial court denied his motion.

**{¶10}** Wilson presents two assignments of error for review. In his first assignment of error, he contends that the trial court erred in accepting his guilty pleas when it did not clearly indicate prior to accepting the pleas that it might not impose the agreed sentence. He argues that the court should have given him the opportunity to withdraw his pleas before accepting them if the court did not agree with the proposed sentences. He also argues that the court erred in denying his motion to withdraw his pleas after accepting them. This argument is without merit.

**{¶11}** Plea agreements are made between the state and the defendant, and they are not binding on the trial court. *State v. Greene*, 2d Dist. Montgomery Nos. 29836 and 29837, 2024-Ohio-363, ¶ 36-37; *State v. Elliott*, 2021-Ohio-424, 168 N.E.3d 33, ¶ 8 (1st Dist.). "Thus, any plea agreement between the state and a defendant is implicitly conditioned on the trial court's acceptance of that agreement." *Elliott* at ¶ 8, quoting *State v. Darnell*, 4th Dist. Gallia No. 02CA15, 2003-Ohio-2775, ¶ 7.

**{¶12}** Nevertheless, due process requires the trial court to put the defendant on notice of the possibility that it could impose a longer prison term than the prison term negotiated under a plea agreement before accepting a guilty plea. *Elliott* at ¶ 18; *State v. Huffman*, 8th Dist. Cuyahoga No. 105805, 2018-Ohio-1192, ¶ 21. A trial court does not err by imposing a sentence greater than the sentence agreed to by the parties when "it forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor." *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 6, quoting *State v. Buchanan*, 154 Ohio App.3d 250, 2003-Ohio-4772, 796 N.E.2d 1003, ¶ 13 (5th Dist.).

**{¶13}** The record shows that the court notified Wilson that it could impose a sentence longer than the term agreed to between the parties. Wilson acknowledged several times that he understood, and he entered guilty pleas anyway. Therefore, his due-process rights were not violated, and the trial court's decision to impose a longer aggregate sentence does not justify reversal.

**{¶14}** What does justify reversal is the trial court's failure to inform Wilson of the maximum sentence that could be imposed prior to accepting his pleas. A guilty plea is constitutionally valid only if it is entered knowingly, voluntarily and intelligently. *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 10; *Ohio v. Jackson*, 1st Dist. Hamilton No. C-200332, 2022-Ohio-3449, ¶ 6. Crim.R. 11(C) requires a trial court to address the defendant and verify that the defendant is entering the plea voluntarily, with an understanding of the effect of the plea, the nature of the charges, and the maximum potential penalty, as well as the constitutional rights the defendant will waive. *State v. Stumph*, 1st Dist. Hamilton No. C-190318, 2021-Ohio-723, ¶ 6.

**{¶15}** When explaining the constitutional rights that the defendant is waiving by entering a plea, the trial court must strictly comply with Crim.R. 11. *Jackson* at ¶ 7; *Stumph* at ¶ 7. But when explaining the nonconstitutional provisions of the rule to a defendant the court need only substantially comply with Crim.R. 11. *Stumph* at ¶ 7. Substantial compliance means "that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving." *Stumph* at ¶ 7, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶16}** If a trial court fails to substantially comply with Crim.R. 11 regarding a nonconstitutional provision, a reviewing court must determine whether the trial court partially complied or failed to comply with the rule. *State v. Davis*, 1st Dist. Hamilton No. C-230121, 2023-Ohio-4389, ¶ 10; *Stumph* at ¶ 8. Where a trial court has completely failed to comply with the rule, the defendant's plea must be vacated. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32; *Stumph* at ¶ 8. But where a trial court has partially complied, the plea may only be vacated if the defendant demonstrates prejudice. *Davis* at ¶ 16; *Stumph* at ¶ 8.

**{¶17}** Here the trial court completely failed to comply with the rule in regard to informing Wilson of the maximum sentence, including any mandatory time on the specification, that he could receive. *See State v. Bobbitt*, 6th Dist. Erie No. E-12-051, 2013-Ohio- 5067, ¶ 7-9. Although the plea form he signed included the maximum sentence, Crim.R. 11 requires the trial to court to personally address the defendant and inform him of the maximum sentence during the plea colloquy. *State v. Jones*, 1st Dist. Hamilton Nos. C-130825 and C130826, 2014-Ohio-4497, ¶ 18; *State v. Fuller*, 1st Dist. Hamilton No. C-040318, 2007-Ohio-1020, ¶ 4. We have stated that "a trial court's failure to advise the defendant of the maximum sentence—a Crim.R. 11(C)(2) nonconstitutional right—even though he signed a written plea of guilty that recited the

6

penalties, was not substantial compliance with Crim.R. 11(C)." *State v. Yanez*, 150 Ohio App.3d 510, 2002-Ohio-7076, 782 N.E.2d 146, ¶ 38 (1st Dist.). Therefore, we sustain Wilson's first assignment of error.

{¶18} In his second assignment of error, Wilson contends that the trial court erred when it failed to inform him of the Regan Tokes sentence notifications required under R.C. 2929.19(B)(2)(c). Because we have already held that Wilson's pleas must be vacated, this assignment of error is moot, and we decline to address it. *See* App.R. 12(A)(1)(c).

{¶19} In sum, we hold that the trial court erred in accepting Wilson's pleas because they were not made knowingly, intelligently, and voluntarily. We reverse the trial court's judgment, vacate Wilson's pleas, and remand the cause to the trial court for further proceedings.

Judgment reversed, pleas vacated, and cause remanded.


**BOCK, P.J.,** and **BERGERON, J.,** concur.

Please note:
The court has recorded its own entry this date.