[Cite as *State v. Lyles*, 2024-Ohio-5834.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                          :         APPEAL NO.   C-240286
                                                  TRIAL NO.    B-2301225
    Plaintiff-Appellee,            :

  vs.                                   :
                                                          *O P I N I O N*
DANEISHA LYLES,                         :

    Defendant-Appellant.           :


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From is: Affirmed

Date of Judgment Entry on Appeal: December 13, 2024


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael J. Trapp*, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

**{¶1}** Following a guilty plea, Daneisha Lyles was convicted of aggravated vehicular assault. The charges stemmed from a head-on collision, caused by Lyles, where the driver of the other vehicle suffered serious physical harm. Lyle's blood-alcohol level was 0.265, and she had three prior convictions within the past ten years for operating a motor vehicle while impaired. In two assignments of error, Lyles challenges her sentence and argues that the trial court erred by rejecting the recommended sentence without giving her an opportunity to withdraw her guilty plea and imposing a fine without considering her ability to pay. For the following reasons, we affirm the judgment of the trial court.

## Factual and Procedural History

**{¶2}** The State and Lyles negotiated a plea agreement whereby Lyles would plead guilty to aggravated vehicular assault, and in exchange, the State would dismiss the vehicular assault charge. The parties also agreed on a potential sentence of two to three years of incarceration. The plea form, initialed by Lyles, stated, "I understand and acknowledge that I have agreed with the prosecution on a potential sentence, to wit: 2 yrs. ODC. Credit any time served." While memorializing the terms of the agreement on the record, the prosecutor informed the court that the parties had negotiated an agreement "[w]ith an agreed recommended sentence of two years."

**{¶3}** Prior to accepting the plea, the court addressed Lyles regarding the sentencing recommendation and explained, "Now you need to understand, ma'am, that is a recommendation that everybody is making to me. But I ultimately will decide what the sentence will be. It could be more. Do you understand that?" Lyles answered affirmatively, and the court continued, "And knowing that there is no promise and there's no guarantee that you're going to get the minimum, which is just two – wow,

2

that is the minimum. No guarantee that you're going to just get two, do you still want to go forward with this plea?" Lyles responded, "Yes, your Honor."

{¶4} The court reiterated to Lyles that "the plea agreement is a recommendation, that I will decide the sentence, no guarantee you're getting two." When Lyles confirmed that she understood, the court accepted the plea, found Lyles guilty, and ordered a presentence investigation.

{¶5} At the sentencing hearing, the court sentenced Lyles to a prison term of four to six years and imposed a $15,000 fine and a lifetime driver's license suspension.

{¶6} Lyles now appeals, arguing that the trial court erred by rejecting the recommended sentence without first advising Lyles that it was rejecting the recommendation and giving her the opportunity to withdraw her plea. Lyles also contends the court erred by imposing a $15,000 fine without considering her ability to pay the fine.

## Recommended Sentence

{¶7} In her first assignment of error, Lyles contends that the trial court erred by failing to provide her an opportunity to withdraw her plea after it decided to reject the recommended sentence.

{¶8} Lyles argues that the court erred by imposing a longer sentence than the recommended sentence agreed to by the parties. Lyles failed to object at the sentencing, so we review for plain error. *See State v. Anderson*, 2014-Ohio-4699, ¶ 8 (2d Dist.); *State v. Flowers*, 2021-Ohio-2966, ¶ 14 (2d Dist.). To establish plain error, the accused must demonstrate an error that constitutes an obvious defect that affected the outcome of the proceeding. *See State v. Rogers*, 2015-Ohio-2459, ¶ 22; *Anderson* at ¶ 8 ("Plain error does not exist unless the record indicates that [defendant's] sentence would clearly have been different but for the error.").

**{¶9}** While plea agreements are contracts between the State and the defendant, a trial court is not bound by a plea agreement. *State v. Elliott*, 2021-Ohio-424, ¶ 8 (1st Dist.). "Thus, any plea agreement between the state and a defendant is implicitly conditioned on the trial court's acceptance of that agreement." *Elliott* at ¶ 8, quoting *State v. Darnell*, 2003-Ohio-2775, ¶ 7 (4th Dist.). Trial courts "may reject plea agreements and . . . are not bound by a jointly recommended sentence." *State v. Underwood*, 2010-Ohio-1, ¶ 28.

**{¶10}** Due process requires a trial court to notify a defendant that it may impose a longer prison term than the agreed recommended sentence. *State v. Wilson*, 2024-Ohio-1290, ¶ 12 (1st Dist.), citing *Elliott* at ¶ 8. "A trial court does not err by imposing a sentence greater than 'that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor.'" *State v. Jordan*, 2024-Ohio-2361, ¶ 30 (8th Dist.), citing *State v. Buchanan*, 2003-Ohio-4772, ¶ 13 (5th Dist.).

**{¶11}** In this case, prior to accepting the plea, the trial court engaged in a colloquy with Lyles to ensure that she understood that the proposed sentence was only a recommendation, and that the court would select the sentence from the range of two to eight years in prison. The court repeatedly informed Lyles that it was not bound to accept the recommended sentence, and that the court could impose a more severe sentence. After ensuring that Lyles understood that there was no promise or guarantee that the court would impose the recommended sentence, the trial court gave her the opportunity to reject the plea. Lyles chose to plead guilty in accordance with the plea agreement.

**{¶12}** Lyles acknowledges that the court notified her that the agreed

sentencing recommendation was not binding on the court, and that the court could impose a more severe sentence. Nonetheless, Lyles contends that the court should have informed her that it was rejecting the recommended sentence and allowed her to withdraw the plea, relying on *Jordan*, 2024-Ohio-2361 (8th Dist.). In *Jordan*, the Eighth District determined that "the trial court committed error because it did not expressly reject the agreed, recommended sentence prior to accepting Jordan's guilty plea or give Jordan an opportunity to withdraw his plea." *Id.* at ¶ 31. The court further held that, based on the plea colloquy, Jordan "had a reasonable expectation that the trial court would implement a sentence within the agreed sentencing range of 15 to 18 years." *Id.* at ¶ 28. Because the trial court indicated that it accepted the negotiated sentence, the Eighth District concluded that the plea was not knowing because "the trial court imposed a substantially greater sentence than what was agreed and recommended without giving him an opportunity to withdraw his plea." *Id.* at ¶ 33.

{¶13} Here, Lyles does not contend that she had a reasonable expectation that the court would impose the recommended sentence, and the record establishes that the court repeatedly notified Lyles that it was not bound to impose the recommended sentence and informed her that it could impose a sentence of up to eight years. After ensuring that Lyles understood that the court could impose a more severe sentence, the court gave Lyles the opportunity to reconsider entering the guilty plea. Lyles confirmed that she wished to enter the guilty plea, despite the possibility of a more severe sentence.

{¶14} As this court explained in *Elliott*, when the trial court notified the defendant that "it was only accepting the plea agreement as containing a sentencing recommendation, not a stipulation" and "thereafter provided [the defendant] the opportunity to withdraw his guilty plea . . . , we cannot conclude that the trial court

5

went astray here." *Elliott* 2021-Ohio-424, at ¶ 3 (1st Dist.). Here, as in *Elliot*, the trial court did not err in imposing a sentence greater than the recommended sentence. *See id.*

{¶15} Accordingly, we overrule the first assignment of error.

### Imposition of a Fine

{¶16} In her second assignment of error, Lyles contends that the trial court erred by imposing a fine without considering her ability to pay the fine.

{¶17} Lyles did not object to or challenge the fine in the trial court, so this court reviews for plain error. *See State v. Mosby*, 2024-Ohio-5210, ¶ 63 (8th Dist.); *State v. Williams*, 2017-Ohio-1002, ¶ 29 (11th Dist.) ("[T]he failure to object to the amount of a fine at a time when the trial court could correct that error constitutes a waiver of all but plain error.").

{¶18} Under R.C. 2929.18(B)(5), a trial court "shall consider the offender's present and future ability to pay the amount of the sanction or fine." "There are no specific factors the trial court must consider in its analysis, nor must it make any specific findings. As long as the record contains some indication that the court considered the offender's present and future ability to pay, the court's imposition of a financial sanction is not contrary to law." *State v. McCants*, 2020-Ohio-3441, ¶ 12 (1st Dist.). "[W]here the trial court reviews a presentence-investigation report that contains information about the defendant's age, health, education, and work history, it can be inferred that the court considered the defendant's present and future ability to pay the fine." *Mosby* at ¶ 64, citing *State v. Clemons*, 2015-Ohio-520, ¶ 10 (8th Dist.); *State v. Willis*, 2012-Ohio-294, ¶ 4 (2d Dist.).

{¶19} In this case, the trial court ordered and reviewed a presentence investigation report. The report included information regarding Lyles's education and

employment history. During the sentencing hearing, Lyles explained, and the court acknowledged, that the incident created a financial hardship for her because her insurance company refused to cover the damages. The record established that Lyles hired her initial attorney, but after firing that attorney, Lyles contacted the public defender's office. The record is unclear whether Lyles's new counsel was retained or appointed. Lyles's counsel presented the court with an affidavit of indigency prior to the plea hearing, but did not file it or present it to the court at the sentencing hearing, so it is not part of the record on appeal.

{¶20} We must conclude the court did not commit plain error by imposing a fine because the record demonstrates that the trial court considered the presentence investigation and discussed Lyles's financial hardship prior to imposing the fine.

{¶21} Accordingly, we overrule the second assignment of error.

## Conclusion

{¶22} Having overruled Lyles's two assignments of error, we affirm the judgment of the trial court.

Judgment affirmed.

**BERGERON** and **KINSLEY, JJ**., concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.