DECISION.
{¶ 1} In July 1997, defendant-appellant Michael Lowery was arrested with approximately four thousand grams of marijuana in his possession. Lowery informed his arresting officers that he was carrying a gun in his fanny pack. Lowery had been the target of a drug investigation for several weeks, and he was transporting the marijuana for a proposed sale to a confidential informant. After the arrest, officers searched Lowery's home and recovered an additional small amount of marijuana.
 {¶ 2} The trial court convicted Lowery of possession of marijuana, trafficking, and a gun specification on the trafficking charge. Lowery pleaded no contest to the possession and trafficking charges and went to a bench trial on the gun specification and a charge of carrying a concealed weapon. The trial court found Lowery not guilty of carrying a concealed weapon, but guilty of the gun specification. Rather than face his sentence, Lowery fled from the jurisdiction of the court to Australia, and then to Los Angeles. He was gone for approximately five years. After his arrest in Los Angeles, Lowery was returned to Ohio and sentenced. He received three consecutive one-year sentences.
 {¶ 3} Lowery now raises three assignments of error. In his first two assignments, he argues that he was denied the effective assistance of counsel and that the trial court improperly determined that he had knowingly, intelligently, and voluntarily pleaded no contest. In his third assignment, Lowery contends that the record fails to support the imposition of consecutive sentences and the maximum sentence for the possession offense.
 I. Trial Counsel's Performance {¶ 4} In his first assignment of error, Lowery argues that he was denied the effective assistance of counsel when his trial counsel advised him to plead no contest to the drug offenses and to proceed to a bench trial on the gun offense and the gun specification. We disagree.
 {¶ 5} To prove ineffective assistance of counsel, the defendant must establish that (1) trial counsel's performance fell below an objective standard of reasonableness and (2) the substandard performance prejudiced the defendant.[1] To determine whether there has been ineffective assistance involved in the entry of a plea, the defendant must show that, but for trial counsel's errors, the defendant would not have pleaded guilty or no contest.[2] We must engage in a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance.[3]
 {¶ 6} A gun specification is proved when any person with a firearm on or about his person commits a felony other than carrying a concealed weapon.[4] It is an affirmative defense to carrying a concealed weapon that the person was carrying the weapon for defensive purposes.[5] But this defense does not apply to gun specifications.
 {¶ 7} Lowery's trial counsel advised Lowery to plead no contest to the drug charges and to proceed to trial on the gun charges. Trial counsel suggested that Lowery assert the affirmative defense to the concealed-weapon charge. This defense did not apply to the specification, so Lowery's admission that he had a gun while committing the carrying offense amounted to an admission of guilt on the specification. There were no facts that suggested that Lowery was not carrying the gun during the commission of the underlying trafficking offense.
 {¶ 8} Lowery's trial counsel argued that it was "illogical and not consistent" to allow an affirmative defense on the concealed-weapon charge but not on the gun specification. He further asserted that there had to be a link between carrying the weapon and actually perpetrating the crime. This was incorrect. While these were weak arguments unsupported by law, these arguments were still a strategy left to the discretion of defense counsel.
 {¶ 9} Lowery's trial counsel's flawed strategy did not prejudice the outcome of the trial: Lowery's guilt on the gun specification was a foregone conclusion. Arguing the issue at trial would not have been effective. Whether Lowery pleaded no contest to the gun specification or was found guilty at trial, the result would have been the same.
 {¶ 10} We therefore overrule Lowery's first assignment of error.
 II. Knowing, Intelligent, and Voluntary Plea {¶ 11} Lowery next argues that, but for his trial counsel's error, he would not have pleaded no contest. Lowery had been pursuing a motion to suppress evidence and exploring a possible entrapment defense, but he abandoned those strategies with his plea. He now contends that he received no benefit from his plea.
 {¶ 12} Lowery further contends that it was error to find that he had knowingly, intelligently, and voluntarily entered his plea. He is incorrect.
 {¶ 13} When accepting a plea of no contest, the trial court must determine that the defendant is pleading voluntarily, with an understanding of the nature of the charges involved. The court must also determine whether the defendant is eligible for probation or for community-control sanctions. Further, the trial court must make sure that the defendant understands the effect of a plea of no contest and must determine that the defendant understands that he is waiving his right to jury trial.[6]
 {¶ 14} At the plea hearing, the trial court asked Lowery whether he was freely, voluntarily, knowingly, and intelligently entering the plea. Lowery stated that he was. The trial court advised Lowery of the nature of the charges, the possibility of incarceration, and the effect of the plea, and it asked Lowery whether he understood the court's explanations. Lowery stated that he did. The trial court also explained that Lowery was waiving his right to a jury trial, and Lowery acknowledged this. The trial court did not sentence Lowery at the time of the plea because Lowery's trial counsel had decided to go to trial on the gun charges.
 {¶ 15} Lowery now argues that he received no benefit from his plea. But the total possible prison time for all of the charges and the gun specification was more than eight years. Lowery received only three years, and this lesser sentence was imposed even though he had fled from the jurisdiction for over five years. We are not convinced that Lowery has shown that there was a reasonable probability that, but for his trial counsel's alleged error, Lowery would not have pleaded no contest.
 {¶ 16} We therefore overrule Lowery's second assignment of error.
 III. Consecutive Sentences and Maximum Sentence {¶ 17} Lowery's third assignment of error asserts that the trial court erred by imposing consecutive sentences and by imposing a maximum sentence for the possession offense. We agree that the consecutive sentence for the possession offense was erroneous.
 {¶ 18} In reviewing a criminal sentence, we must determine (1) whether the law provided for the sentence; (2) whether the trial court complied with the purposes and principles of sentencing and followed the proper procedures; and (3) whether the record supports the findings of the trial court.[7]
 {¶ 19} If a trial court imposes a prison sentence, the court must impose a stated term and notify the offender that the parole board may extend the term for up to one-half of the stated term and that the offender will be supervised under R.C. 2967.28.[8] The court must also notify the offender of the possible post-release-control requirements and that the offender may have to submit to random drug testing.[9] The trial court must make any statutorily required findings and give reasons for those findings at the sentencing hearing.[10] We may increase, reduce, or vacate the sentence and remand the case to the trial court for resentencing if we clearly and convincingly find that the record does not support the sentence.[11]
 {¶ 20} Trafficking in less than five thousand grams of marijuana is a third-degree felony, which carries a prison term of one to five years.[12] Anyone found guilty of a gun specification must serve a mandatory one-year consecutive term following the term imposed for the underlying offense.[13] The trial court in this case properly sentenced Lowery to consecutive terms on the trafficking offense and the gun specification. But it failed to announce its findings or to advise Lowery on his probation, post-release-control, and drug-testing responsibilities at the sentencing hearing. We must accordingly vacate this portion of the sentence and remand the case to the trial court under State v. Comer.[14]
 {¶ 21} Possession of between two hundred and one thousand grams of marijuana is a fifth-degree felony, which carries a prison term of six to twelve months.[15] The trial court sentenced Lowery to one year for this offense. Lowery was to serve this sentence consecutively after completing the trafficking and gun-specification sentences. The trial court made none of the mandatory findings regarding the imposition of a maximum, consecutive sentence for this offense. We must therefore vacate this sentence and remand the case to the trial court so that it can make the proper findings.
 {¶ 22} Lowery also argues that the trial court improperly considered Lowery's failure to appear at sentencing in imposing a maximum, consecutive sentence. But the trial court did not announce its findings at the sentencing hearing. Failure to appear would have been an appropriate recidivism factor to consider for the imposition of a maximum sentence.[16] But it would not have been a proper factor to consider with regard to imposing consecutive sentences.[17] Because we are already remanding this case for proper findings, we need not discuss this issue further.
 {¶ 23} Accordingly, we affirm the trial court's judgment with regard to the acceptance of Lowery's plea, but we reverse the sentence imposed by the trial court and remand this case for resentencing in accordance with the terms of this Decision.
Judgment affirmed in part, sentence vacated, and cause remanded.
Doan, P.J., and Gorman, J., concur.
[1] Strickland v. Washington (1993), 466 U.S. 668, 104 S.Ct. 2052;State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.
[2] Hill v. Lockhart (1985), 474 U.S. 52, 106 S.Ct. 366; State v.Xie (1992), 62 Ohio St.3d 521, 548 N.E.2d 715.
[3] Strickland, supra.
[4] R.C. 2929.13(F)(8).
[5] R.C. 2923.12(C)(2).
[6] Id.
[7] State v. Kershaw (1999), 132 Ohio App.3d 243, 724 N.E.2d 1176.
[8] R.C. 2929.19(B).
[9] Id.
[10] State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473.
[11] R.C. 2953.08(G)(2).
[12] R.C. 2925.03(C)(1)(c); R.C. 2929.14(A)(3).
[13] R.C. 2941.141; R.C. 2929.14(E)(1)(a)
[14] See Comer, supra.
[15] R.C. 2925.11(C)(3)(c); R.C. 2929.14(A)(5).
[16] State v. Daniels, 1st Dist. Nos. C-010070 and C-010087, 2001-Ohio-8749, citing State v. Stone (Feb. 26, 1999), 1st Dist. No. C-980382.
[17] Id.; see, also, State v. Johnson (Oct. 23, 1998), 1st Dist. Nos. C-980013 and C-980014.