DECISION
{¶ 1} Plaintiff-appellant Donald L. Anderson asks this court whether his convictions and sentence for theft and carrying a concealed weapon ("CCW") were proper. We hold that they were.
 {¶ 2} Anderson was arrested and charged with one count each of theft and CCW. His theft charge involved allegations that he had received $3,000 for the sale of a car, but had never delivered it. Anderson pleaded guilty, but failed to appear for sentencing. After nearly two years, he finally appeared before the trial court for sentencing. The trial court imposed two consecutive twelve-month sentences.
 {¶ 3} On appeal, Anderson assigns four errors: (1) the CCW statute is unconstitutional; (2) he was denied effective assistance of counsel; (3) the maximum sentence for the theft was improper; and (4) the consecutive sentences were improper. We affirm.
 I. Carrying a Concealed Weapon {¶ 4} Anderson's first two assignments of error concern the CCW statute.[1] He argues that his sentence was improper because the CCW statute is unconstitutional. He also argues that he was denied effective assistance of counsel because his trial counsel failed to withdraw Anderson's guilty plea after this court held the CCW statute unconstitutional in Klein v.Leis.[2]
 {¶ 5} But the Supreme Court later declared the CCW statute constitutional.[3] Anderson's first two assignments of error are therefore without merit.
 II. The Maximum Sentence {¶ 6} In his third assignment, Anderson argues that the maximum sentence for the theft was improper. He now claims that the trial court erroneously found that he had committed the worst form of the offense, and that his sentence should therefore be vacated.
 {¶ 7} A trial court may impose the maximum prison term authorized for an offense for those offenders who have committed the worst forms of the offense or who pose the greatest likelihood of committing future crimes.[4] And if the trial court sentences the defendant to the maximum prison term, the court must orally state its reasons for doing so.[5]
 {¶ 8} The maximum prison term for Anderson's theft offense was twelve months.[6] The court stated on the record that Anderson had committed the worst form of the offense and that he posed the greatest likelihood of committing future crimes. The court then emphasized the harm done to the immigrant victim, Anderson's taunting of the victim, Anderson's prior record as it related to his likelihood of recidivism, and his failure to appear at sentencing. The trial court listed these same reasons for its findings on its sentencing worksheet.
 {¶ 9} We are not certain that Anderson's conduct constituted the worst form of the offense. But we need not reach that question. Even if the record did not support such a finding, that error was harmless in light of the trial court's other findings.[7] The finding that Anderson posed the greatest likelihood of committing future crimes was sufficient to justify the maximum sentence. And the reasons that the court cited were proper considerations.
 {¶ 10} We therefore overrule Anderson's third assignment of error.
 III. Consecutive Sentences {¶ 11} In his fourth assignment, Anderson argues that his sentences should have been concurrent, not consecutive. He now claims that the trial court improperly relied on his failure to appear at sentencing when imposing the consecutive sentences.
 {¶ 12} Anderson also argues that the original trial court had agreed to give him concurrent sentences when accepting his guilty plea. He contends that the trial court erred when it failed to follow the original trial court's agreement.
 {¶ 13} But the only evidence in the record that the original trial court had agreed to concurrent sentences is Anderson's trial counsel's statement at sentencing. Counsel stated that the original trial court "had agreed to give [Anderson] a year concurrent on the CCW and on the theft offense * * *."
 {¶ 14} The record reflects that when the original trial court accepted Anderson's guilty plea, it had informed him that the possible sentence for the theft was between six and twelve months' imprisonment, while the possible sentence for the CCW was between six and 18 months' imprisonment. The court said nothing about concurrent sentences. There is also nothing in the record that suggests that the state agreed to recommend concurrent sentences. We are bound by the record. We must therefore base our decision only on what is in the record given to us on appeal.
 {¶ 15} A trial court may use a defendant's failure to appear for sentencing as a sentence-enhancing factor, but not as a factor to justify consecutive sentences.[8] But the improper consideration of a defendant's failure to appear at sentencing is harmless error where the trial court properly relies on other factors supporting the consecutive sentences.[9]
 {¶ 16} A trial court may impose consecutive terms when the court finds that the terms are necessary to protect the public or to punish the offender, and that the terms are not disproportionate to the seriousness of the conduct and the danger posed to the public.[10] The court must also find at least one in a list of other relevant factors, including whether the offender's criminal history shows a need to protect the public.[11]
 {¶ 17} The trial court stated on the record that the consecutive sentences were necessary to protect the public and to punish Anderson. The court also stated that the sentences were not disproportionate to the seriousness of Anderson's conduct, and that his criminal history showed a need to protect the public. The court then explained its reasons: Anderson's failure to appear for sentencing, his criminal record of more than ten other theft-related offenses, and his taunting of the victim.
 {¶ 18} Because the trial court properly considered other, proper factors when imposing the consecutive sentences, its consideration of Anderson's failure to appear for sentencing was harmless error.
 {¶ 19} We therefore overrule Anderson's fourth assignment of error.
 {¶ 20} Accordingly, we affirm the trial court's judgment.
Judgment affirmed.
Hildebrandt, P.J., and Gorman, J., concur.
[1] R.C. 2923.12.
[2] 146 Ohio App.3d 526, 2002-Ohio-1634, 767 N.E.2d 286, reversed in Klein v. Leis, 99 Ohio St.3d 537, 2003-Ohio-4779,795 N.E.2d 633.
[3] Klein v. Leis, 99 Ohio St.3d 537, 2003-Ohio-4779,795 N.E.2d 633.
[4] R.C. 2929.14(C).
[5] R.C. 2929.19(B)(2)(d); State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473.
[6] R.C. 2913.02(B)(2) and 2929.14(A)(5).
[7] See State v. Daniels, 1st Dist. Nos. C-010070 and C-010087, 2001-Ohio-8749.
[8] State v. Daniels, 1st Dist. Nos. C-010070 and C-010087, 2001-Ohio-8749.
[9] Id.
[10] R.C. 2929.14(E)(4).
[11] R.C. 2929.14(E)(4)(c).