[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] The name also appears as Lawrence Cherry in portions of the record.
 DECISION.
{¶ 1} In April 2003, defendant-appellant Larry E. Cherry was indicted on one count of trafficking in cocaine, a violation of R.C. 2925.11(A), and one count of possession of cocaine, in violation of R.C. 2925.03(A)(1). On June 9, 2003, Cherry pleaded no contest to both counts, and the trial court found him guilty. Prior to accepting Cherry's pleas, the trial court asked defense counsel if Cherry's pleas were based upon any underlying agreement with the state. Cherry's counsel stated they were not. The state agreed that Cherry's pleas were not based on any agreement, but added that it would "have no objection to a term of community control." After the trial court had engaged in a lengthy plea colloquy with Cherry, Cherry's counsel requested that the case be continued to July 3, 2004, for a presentence investigation. The trial court stated that it would permit Cherry to remain free on bond, but cautioned Cherry that his failure to appear would be taken into consideration should he choose not to appear for sentencing.
 {¶ 2} On July 3, 2003, Cherry failed to appear for sentencing, and the trial court issued a warrant for his arrest. Cherry was arrested on December 29, 2004. On January 28, 2004, the trial court sentenced Cherry to eleven months in prison on each charge, to be served consecutively. Cherry now appeals.
 {¶ 3} In a sole assignment of error, Cherry challenges the trial court's imposition of consecutive sentences. Cherry contends that the only reason the trial court imposed consecutive sentences was to punish him for his failure to appear at his original sentencing hearing. He argues that absent this improper consideration, there is no evidence in the record that would support consecutive sentences. We disagree.
 {¶ 4} In State v. Anderson, we held that "[a] trial court may use a defendant's failure to appear for sentencing as a sentence-enhancing factor, but not as a factor to justify consecutive sentences."[2] We went on to explain, however, that a trial court's "improper consideration of a defendant's failure to appear at sentencing is harmless error where the trial court properly relies on other factors supporting the consecutive sentences."[3]
 {¶ 5} While we agree that the trial court should not have considered Cherry's failure to appear at sentencing, the trial court's error was harmless because it made the statutorily required findings for consecutive sentences, and it relied on other factors, in addition to Cherry's failure to appear at sentencing, as its reasons for imposing consecutive sentences.[4] Here, the trial court complied with R.C.2929.14(E)(4) when it orally stated that it was imposing consecutive sentences to protect the public and to punish Cherry, and that such sentences were not disproportionate to the seriousness of Cherry's conduct or to the danger he posed to the public. The trial court then discussed Cherry's criminal history and the fact that he "had been given a chance in 2002 for intensive supervision probation that was revoked and he [had been] sent to prison." The court also noted that Cherry had failed to appear for a TASC evaluation and that he had not appeared for sentencing.
 {¶ 6} The trial court further complied with R.C.2929.14(E)(4)(c) when it stated that Cherry's criminal record demonstrated a need to protect the public.[5] The trial court again reiterated that it was imposing consecutive sentences because Cherry had not been successful on a previous attempt at community control; he had served a prison term, and he had failed to appear for sentencing. Because the trial court made the necessary findings to support the imposition of consecutive sentences; because it relied on additional factors besides Cherry's failure to appear at sentencing to support the sentences; and because those findings were supported by the record, we overrule Cherry's sole assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
Doan, P.J., concurs.
Painter, J., dissents.
[2] 1st Dist. Nos. C-030449 and C-030457, 2004-Ohio-760, at ¶ 15.
[3] Id.
[4] Cf. State v. Johnson (Oct. 23, 1998), 1st Dist. Nos. C-980013 and C-980014 (where we held that the trial court's imposition of consecutive sentences was not supported by the record because the trial court had failed to make the statutorily required findings under R.C. 2929.14((E)(4), and because the only factors the trial court had considered were the defendant's criminal history and his failure to appear at his original sentencing hearing).
[5] See State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473, at ¶ 20 (holding that a trial court must orally make its findings and state the reasons supporting its findings on the record at the sentencing hearing when imposing consecutive sentences).