[Cite as *State v. Crawley*, 2016-Ohio-5829.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160421 |
| | | TRIAL NO. B-1407016 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| LEONARD CRAWLEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  September 16, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Joshua A. Thompson*, Assistant Public Defender, for Defendant-Appellant.

**FISCHER, Presiding Judge.**

{¶1} This is the second appeal for defendant-appellant Leonard Crawley following his guilty pleas to two counts of breaking and entering. This court reversed the trial court's judgment in Crawley's first appeal, and remanded the matter to the trial court to conduct a resentencing hearing, because the trial court had erred in failing to afford Crawley his right of allocution. *See State v. Crawley*, 1st Dist. Hamilton Nos. C-150403 and C-150422, 2016-Ohio-658, ¶ 10. On remand, the trial court allowed Crawley to speak directly to the court and then imposed consecutive prison terms by judgment entry. We determine that the trial court should have conducted a de novo sentencing hearing, and that the trial court failed to make consecutive-sentencing findings at the sentencing hearing, as required by *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. Therefore, we reverse Crawley's sentences and remand the matter to the trial court to conduct a de novo sentencing hearing.

{¶2} The state indicted Crawley for two breaking-and-entering offenses, both felonies of the fifth degree. The state and Crawley entered into an agreed plea and sentence, whereby Crawley would plead guilty to both offenses and the state would recommend that Crawley be sentenced to two concurrent 12-month prison terms. At the plea hearing, the trial court stated to Crawley that it would impose the agreed sentence if Crawley appeared for his sentencing hearing, but if he did not, then the trial court would impose the 12-month prison terms consecutively. Crawley did not appear for sentencing, and he was arrested. When Crawley appeared before the trial court for sentencing, the trial court imposed the promised consecutive prison terms. Crawley appealed his sentences to this court, and this court reversed

2

Crawley's sentences and ordered the trial court to conduct a resentencing hearing, because the trial court had violated Crawley's right of allocution. *See Crawley* at ¶ 11.

{¶3} After this court's remand order, the trial court held a hearing in which it allowed Crawley to address the court directly. Crawley then spoke about his success in prison with an intensive drug program. At the conclusion of Crawley's statement, Crawley's counsel moved the court for a stay pending appeal, which the court denied, and the hearing concluded. Importantly, the trial court made no consecutive-sentencing findings and did not announce a sentence. The trial court then issued a journal entry reflecting a sentence identical to Crawley's original sentence, imposing two consecutive 12-month prison terms. Crawley has appealed.

{¶4} In his sole assignment of error, Crawley argues that the trial court erred in imposing consecutive sentences. Crawley argues that the trial court erred in imposing consecutive prison terms because the failure to appear at his original sentencing hearing cannot be used to justify consecutive sentences. *See State v. Cherry*, 159 Ohio App.3d 307, 2004-Ohio-6431, 823 N.E.2d 911 (1st Dist.); *State v. Anderson*, 1st Dist. Hamilton Nos. C-030440 and C-030457, 2004-Ohio-760; *State v. Lowery*, 1st Dist. Hamilton No. C-030316, 2003-Ohio-5669; *State v. Daniels*, 1st Dist. Hamilton Nos. C-010070 and C-010087, 2001 Ohio App. LEXIS 5761 (Dec.21, 2001).

{¶5} We need not reach Crawley's specific argument that the trial court inappropriately considered Crawley's failure to appear at his original sentencing hearing in its decision to impose consecutive sentences, because the trial court failed to make any consecutive-sentencing findings at the resentencing hearing. When this court reversed Crawley's sentences for the trial court's failure to provide Crawley his

right of allocution, this court mandated a resentencing hearing. A resentencing hearing is conducted de novo. *See* R.C. 2929.19(A) ("The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony and before resentencing an offender who was convicted of or pleaded guilty to a felony and whose case was remanded pursuant to section 2953.07 or 2953.08 of the Revised Code."); *State v. Hofmann*, 6th Dist. Erie No. E-03-057, 2004-Ohio-6655, ¶ 10 ("When a case is remanded for resentencing, the trial court must conduct a complete sentencing hearing and must approach resentencing as an independent proceeding complete with all applicable procedures."); *State v. Gray*, 8th Dist. Cuyahoga No. 81474, 2003-Ohio-436, ¶ 12.

{¶6}   The trial court failed to conduct a de novo sentencing hearing, including a failure to make consecutive-sentencing findings. *See Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 29 ("When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel."). Therefore, we sustain Crawley's assignment of error. We reverse Crawley's sentences and remand the matter to the trial court to conduct a de novo sentencing hearing.

Judgment reversed and cause remanded.

**HENDON** and **MOCK, JJ.,** concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.

4