[Cite as *State v. Chandler*, 2020-Ohio-164.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190153 |
| | | TRIAL NO. B-1805251 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| JENNIFER CHANDLER, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:   Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: January 22, 2020


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk*, for Defendant-Appellant.

**MYERS, Judge.**

{¶1}   Defendant-appellant Jennifer Chandler appeals from the trial court's judgment convicting her, following guilty pleas, of extortion and attempted extortion.

{¶2}   Chandler was indicted on three counts of extortion in violation of R.C. 2905.11(A)(5).  The state and Chandler reached a plea agreement in which Chandler pled guilty to one count of extortion, a felony of the third degree, and one count of attempted extortion, a felony of the fourth degree.  The third count of extortion was dismissed.  After accepting Chandler's guilty pleas, the trial court continued the case for sentencing.  Chandler's counsel asked the court to release Chandler on bond, stating that he had informed Chandler that if she were released on bond, stayed out of trouble, and appeared for sentencing, it would demonstrate to the court that she would be successful on probation.  The trial court granted Chandler's request to be released on bond.  The court informed Chandler that "if you get into any kind of trouble or you don't show up for sentencing, I will give you every single day I can in prison.  Got it?"

{¶3}   Chandler failed to show up for her presentence investigation interview.  She also failed to appear for sentencing, and Chandler's counsel stated that he thought she was back on the streets and likely would not show up.  The trial court issued a capias for her arrest.

{¶4}   A sentencing hearing was held after Chandler was apprehended.   The trial court imposed a maximum sentence of 18 months in prison for the offense of attempted extortion and a maximum sentence of 36 months in prison for the offense of extortion.  These sentences were made consecutive, resulting in an aggregate sentence of 54 months in prison.  To support the imposition of consecutive sentences, the trial court found that "consecutive sentences are necessary to protect

the public and not disproportionate to the seriousness of the offender's conduct or the danger the defendant poses to the public. The offender's criminal history shows a need to protect the public."

{¶5} In a single assignment of error, Chandler argues that the trial court imposed sentences that were contrary to law. Pursuant to R.C. 2953.08(G)(2), we may modify or vacate a defendant's sentence only if we clearly and convincingly find that the record does not support the mandatory sentencing findings or that the sentence is contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22-23; *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 5 (1st Dist.).

{¶6} Chandler contends that the sentences imposed were contrary to law because the trial court gave undue weight to Chandler's failure to appear at sentencing when imposing maximum, consecutive sentences, and because it failed to consider the principles and purposes of sentencing pursuant to R.C. 2929.11 and 2929.12. As the Supreme Court of Ohio recently clarified in *State v. Gwynne*, Slip Opinion No. 2019-Ohio-4761, ¶ 16-17, R.C. 2929.11 and 2929.12 apply only to a review of individual sentences, and R.C. 2953.08(G)(2) provides the "exclusive means of appellate review of consecutive sentences."

{¶7} We first consider Chandler's arguments that the trial court erred in imposing maximum sentences because it improperly considered her failure to appear and it failed to consider the principles and purposes of sentencing pursuant to R.C. 2929.11 and 2929.12. A defendant's failure to appear is an appropriate recidivism factor for the trial court to consider when determining whether to impose a maximum sentence, and therefore the trial court did not err in considering Chandler's failure to appear at sentencing when imposing maximum sentences for each of her offenses. *See State v. Lowery*, 1st Dist. Hamilton No. C-030316, 2003-Ohio-5669, ¶ 22.

{¶8} As to Chandler's arguments concerning R.C. 2929.11 and 2929.12, these are not fact-finding statutes, and in the absence of an affirmative demonstration by the defendant to the contrary, we may presume that the trial court considered them. *State v. Patterson*, 1st Dist. Hamilton No. C-170329, 2018-Ohio-3348, ¶ 60. Chandler has made no such affirmative demonstration.

{¶9} We next consider Chandler's argument that the trial court improperly considered her failure to appear for sentencing when imposing consecutive sentences. The record clearly indicates that the trial court had informed Chandler that, should she fail to appear for sentencing, the court would impose as much prison time as legally possible. It further indicates that the court did, in fact, consider Chandler's failure to appear when imposing sentence. It stated at the sentencing hearing that "Ms. Chandler, your lawyer did everything he could to prevail upon me to not do with you what I told you I was going to do. We took a chance on you and you did nothing but thumb your nose at it and led police on chases and absconded."

{¶10} A trial court may not rely on a defendant's failure to appear for sentencing to justify consecutive sentences. *State v. Cherry*, 159 Ohio App.3d 307, 2004-Ohio-6431, 823 N.E.2d 911, ¶ 4 (1st Dist.); *State v. Anderson*, 1st Dist. Hamilton Nos. C-030449 and C-030457, 2004-Ohio-760, ¶ 15. But where a trial court makes the statutorily required findings to support the imposition of consecutive sentences, and relies on other factors besides a defendant's failure to appear, the trial court's improper consideration of the defendant's failure to appear is harmless error. *Cherry* at ¶ 4-5; *Anderson* at ¶ 15.

{¶11} Here, the trial court made the necessary findings pursuant to R.C. 2929.14(C)(4) to support the imposition of consecutive sentences. Specifically, it found that consecutive sentences were necessary to protect the public; that consecutive sentences were not disproportionate to the seriousness of Chandler's conduct or the danger she posed to the public; and that Chandler's criminal history

showed a need to protect the public. The trial court had a presentence investigation report detailing Chandler's prior convictions, and Chandler herself alluded to these prior convictions when speaking at sentencing. We cannot clearly and convincingly find that the record fails to support the trial court's findings. *See* R.C. 2953.08(G)(2). We therefore conclude that the trial court's consideration of Chandler's failure to appear when imposing consecutive sentences was harmless error.

{¶12} The sentences imposed were not contrary to law. Chandler's assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**MOCK, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.