[Cite as *State v. Anderson*, 2021-Ohio-293.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                           :         APPEAL NO. C-190588
                                                   TRIAL NO. B-1207139
    Plaintiff-Appellee,          :
                                                   *O P I N I O N.*
  vs.                              :

JUSTIN ANDERSON,                         :

    Defendant-Appellant.         :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  February 3, 2021


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffman*, Assistant Public Defender, for Defendant-Appellant.

**MYERS, Judge.**

{¶1} Defendant-appellant Justin Anderson appeals his conviction for trafficking in cocaine, arguing in a single assignment of error that the sentence imposed was contrary to law. Finding his assignment of error to be without merit, we affirm the trial court's judgment.

### *Plea and Sentencing*

{¶2} Anderson pled guilty on March 23, 2015, to trafficking in cocaine, a felony of the second degree in violation of R.C. 2925.03(A). After accepting Anderson's plea, the trial court stayed sentencing for 60 days at Anderson's request and released him pending sentencing. The court indicated that it intended to impose a sentence of three years in prison, but informed Anderson that:

> I'll give you 60 days [until sentencing], but here's the deal. I don't
> think it's a problem because you have not gotten in any trouble since
> you have been out. You have been acting appropriate, very polite to
> me and the staff, but if you don't show up or embarrass me and my
> picture appears in the paper, you know: Guy is out on bond with a 60-
> day stay and commits some major crime, then you're going to get eight
> years on this consecutively to the new case, okay?

{¶3} Anderson failed to appear for sentencing and a capias was issued. He was arrested in 2018 and returned to court for sentencing on September 16, 2019. At the sentencing hearing, the trial court reminded Anderson that he had been informed at the plea hearing that his failure to appear for sentencing would result in a sentence of eight years of imprisonment. Defense counsel expressed concern with

an eight-year sentence, stating that it was too extreme for the offense involved. The following discussion took place:

> Trial Court: Well, he was on probation for a gun charge. He had a year and half hanging over his head, and I'm going to drop that as part of the deal.
>
> Defense counsel: But, at any rate, I just wanted you to know that my position is that this—the eight years is sort of automatic by virtue of your discussions that occurred.
>
> Trial Court: It was a real serious case, and they were willing to go with the three years because he cooperated. But he clearly—it was a serious case, clearly deserved eight years, because he was on probation when he did it for a gun charge and committed a major drug trafficking charge.

{¶4} The court ultimately sentenced Anderson to eight years of imprisonment.

### *Sentencing*

{¶5} In his sole assignment of error, Anderson argues that the sentence imposed was contrary to law.

{¶6} Pursuant to R.C. 2953.08(G)(2)(a), we may modify or vacate a defendant's sentence only if we clearly and convincingly find that the record does not support the trial court's findings under relevant statutes (specifically division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code) or that the sentence is

3

contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22-23; *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 5 (1st Dist.).

{¶7} Anderson contends that the imposed sentence was contrary to law because the trial court failed to consider the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12.

{¶8} With respect to R.C. 2929.11 and 2929.12, this court has long held that these are not fact-finding statutes, and that, absent an affirmative demonstration to the contrary, we will presume that the trial court considered them. *State v. Ingels*, 1st Dist. Hamilton Nos. C-180469, C-180470 and C-180471, 2020-Ohio-4367, ¶ 16.

{¶9} In *State v. Jones*, Slip Opinion No. 2020-Ohio-6729, the Ohio Supreme Court recently held that "R.C. 2953.08(G)(2)(a) clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and 2929.12 because * * * R.C. 2929.11 and 2929.12 are not among the statutes listed in the provision." *Id.* at ¶ 31. The court further held that a trial court's findings under R.C. 2929.11 and 2929.12 were not reviewable under R.C. 2953.08(G)(2)(b) because "an appellate court's conclusion that the record does not support a sentence under R.C. 2929.11 or 2929.12 is not the equivalent of a conclusion that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Id.* at ¶ 34. The court concluded that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42.

{¶10} Anderson argues the record demonstrates that the trial court failed to consider R.C. 2929.11 and 2929.12 because the court automatically imposed the eight-year sentence that it had informed Anderson would be imposed if he failed to appear for sentencing. The trial court was entitled to consider Anderson's failure to appear at sentencing, as "[a] defendant's failure to appear is an appropriate recidivism factor for the trial court to consider when determining whether to impose a maximum sentence." *State v. Chandler*, 1st Dist. Hamilton No. C-190153, 2020-Ohio-164, ¶ 7; *State v. Cherry*, 159 Ohio App.3d 307, 2004-Ohio-6431, 823 N.E.2d 911, ¶ 4 (1st Dist.) (a defendant's failure to appear at sentencing may be used as a sentence enhancing factor).

{¶11} Further, the record indicates that that the trial court based the eight-year sentence on additional factors and not solely on Anderson's failure to appear for sentencing. When questioned by defense counsel about the appropriateness of an eight-year sentence, the trial court indicated that an eight-year sentence was warranted because Anderson had been on probation when he committed the offense and because he had committed a major drug-trafficking offense. Anderson has not affirmatively demonstrated that the trial court failed to consider R.C. 2929.11 and 2929.12. And pursuant to *Jones*, this court is clearly not permitted to independently weigh the factors in R.C. 2929.11 and 2929.12 and substitute our judgment for that of the trial court "concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones*, Slip Opinion No. 2020-Ohio-6729, at ¶ 42.

{¶12} The sentence imposed was not contrary to law. Anderson's assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**ZAYAS, P.J.,** and **BERGERON, J.,** concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.