[Cite as *State v. Bronson*, 2021-Ohio-838.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200151 |
| | | TRIAL NO. B-1903534 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| DERRIUS A. BRONSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 19, 2021

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ronald Springman*, Chief Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*William F. Oswall, Jr.*, for Defendant-Appellant.

**MYERS, Presiding Judge.**

{¶1}    Defendant-appellant Derrius A. Bronson entered guilty pleas to failure to stop after an accident and vehicular assault.  He was sentenced to 12 months in prison and a three-year driver's license suspension on the failure-to-stop count and to 18 months in prison and a five-year driver's license suspension on the assault count.  The court ordered the prison terms to be served consecutively to each other, for an aggregate 30-month prison sentence.  In this appeal, Bronson challenges the trial court's imposition of a prison term for the failure-to-stop offense, the imposition of consecutive prison terms, and the imposition of what he claims are consecutive driver's license suspensions.  Finding no merit in Bronson's assignments of error, we affirm the trial court's judgment.

*Standard of Review*

{¶2}    Each of Bronson's assignments of error challenge his sentences. Under R.C. 2953.08(G)(2)(a), an appellate court may modify or vacate a defendant's sentence only if it clearly and convincingly finds that the sentence is contrary to law or that the record does not support the trial court's findings under certain enumerated statutes including R.C. 2929.13(B), R.C. 2929.13(D), R.C. 2929.14(B)(2)(e), R.C. 2929.14(C)(4), and R.C. 2929.20(I).  *State v. Harris*, 1st Dist. Hamilton No. C-190576, 2021-Ohio-371, ¶ 25, citing *State v. Jones*, Slip Opinion No. 2020-Ohio-6729, ¶ 31, 37; *State v. Anderson*, 1st Dist. Hamilton No. C-190588, 2021-Ohio-293, ¶ 6.

*Imposition of a Prison Term for Failure To Stop*

{¶3}    In his first assignment of error, Bronson argues that the trial court erred by imposing a prison term for the failure-to-stop offense.  He contends that the trial court did not make the proper sentencing findings under R.C. 2929.13(B)(1)(a) before imposing a prison term for a nonviolent fifth-degree felony.

{¶4} R.C. 2929.13(B)(1)(a) requires a trial court to impose a community-control sanction "if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense" if all of the following conditions apply: (i) the offender previously has not been convicted of or pleaded guilty to a felony offense; (ii) the most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree; and (iii) the offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed. The trial court is not required to impose a community-control sanction unless all three of the enumerated conditions apply.

{¶5} The record reflects that the condition in R.C. 2929.13(B)(1)(a)(iii) did not apply to Bronson because he was convicted in 2018 of misdemeanor domestic violence, an offense of violence as defined in R.C. 2901.01(A)(9)(a), within two years prior to the failure-to-stop offense for which he was being sentenced. Therefore, R.C. 2929.13(B)(1)(a) did not require the trial court to impose a community-control sanction for Bronson's failure-to-stop offense. Consequently, we hold that the trial court did not err in imposing a prison term for Bronson's failure-to-stop offense. We overrule the first assignment of error.

*Consecutive Prison Terms*

{¶6} In his second assignment of error, Bronson argues that the trial court erred by imposing consecutive prison terms. He does not dispute that the trial court made the findings required by R.C. 2929.14(C)(4) at the sentencing hearing and incorporated those findings into the sentencing entry. However, he asserts that the record does not support those findings.

{¶7} In order to impose consecutive prison terms, R.C. 2929.14(C)(4) requires the trial court to find on the record that consecutive sentences are

"necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." The court must also find that at least one of the aggravating factors in R.C. 2929.14(C)(4)(a) through (c) exists. R.C. 2929.14(C)(4); *State v. Grate*, Slip Opinion No. 2020-Ohio-5584, ¶ 205.

{¶8} The trial court must make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. In stating the required findings, the trial court need not recite the statutory language verbatim, but a reviewing court must be able to discern from the record that the court engaged in the required analysis and determine that the record contains evidence to support the findings. *State v. Pettus*, 1st Dist. Hamilton No. C-170712, 2019-Ohio-2023, ¶ 65, citing *Bonnell* at ¶ 29.

{¶9} Here, the trial court made the finding under R.C. 2929.14(C)(4) that consecutive sentences are necessary to protect the public and to punish the defendant and are not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public. In addition, the court found that the aggravating factor in R.C. 2929.14(C)(4)(b) existed, finding that the offenses were committed as part of one or more courses of conduct and the harm caused by the offenses was so great or unusual that no single prison term for either of the offenses would adequately reflect the seriousness of the defendant's conduct.

{¶10} The trial court's findings are supported by the record. At the sentencing hearing, the trial court noted that Bronson was speeding and driving recklessly when he struck and seriously injured a 13-year-old child and that Bronson backed up from the child and fled the accident scene, leaving the child bleeding and unresponsive. The child's mother addressed the court and said that she lived close to where the accident happened and that she ran from her home to find her child

lying on the ground, bleeding, "and Mr. Bronson was nowhere to be found." She told the court that police officers found Bronson as "he was leaving with a busted windshield out of [her neighborhood] and he was pointed out by the people [who had taken] a picture of his license plate." She said that Bronson "didn't make it far because of all of the officers in the community."

{¶11} The court noted that when Bronson was arrested, he claimed a cousin was driving the car and gave a false name. Then Bronson admitted to driving but claimed that he did not know he had struck someone. According to the arresting officer's statement, the roof and hood of the car driven by Bronson were dented and the car's windshield was shattered and caved-in. The court noted that the child victim suffered broken ribs, back and neck injuries requiring more than 50 stitches, disfiguring scarring, and permanent brain damage. The court also considered Bronson's lack of remorse, as well as his prior history of misdemeanor criminal convictions for driving under suspension and domestic violence.

{¶12} Thus, the record amply supports the trial court's imposition of consecutive sentences. We overrule the second assignment of error.

*Driver's License Suspensions*

{¶13} In his third assignment of error, Bronson argues that the trial court erred by imposing consecutive driver's license suspensions. However, the record reflects that the trial court did not order the driver's license suspensions to be served consecutively. Because the error assigned is not demonstrated in the record, we overrule the third assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**BERGERON** and **WINKLER, JJ.,** concur.

Please note:
    The court has recorded its own entry this date.