[Cite as *State v. Denney*, 2021-Ohio-2090.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200066 |
| | | TRIAL NO. B-1904673 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| DAWSON DENNEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  June 23, 2021


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *H. Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**MYERS, Presiding Judge.**

{¶1}    Defendant-appellant Dawson Denney pled guilty to burglary, a felony of the third degree in violation of R.C. 2911.12(A)(3), and was sentenced to three years in prison.  Denney appeals his conviction, arguing in a single assignment of error that the trial court erred in imposing a maximum sentence.

{¶2}    Pursuant to R.C. 2953.08(G)(2)(a), we may modify or vacate a defendant's sentence only if we clearly and convincingly find that the sentence is contrary to law or that the record does not support the trial court's findings under certain enumerated statutes, including R.C. 2929.13(B), R.C. 2929.13(D), R.C. 2929.14(B)(2)(e), R.C. 2929.14(C)(4), and R.C. 2929.20(I).  *State v. Bronson*, 1st Dist. Hamilton No. C-200151, 2021-Ohio-838, ¶ 2; *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22-23.

{¶3}    Here, Denney's sentence fell within the available sentencing range for a felony of the third degree and was not contrary to law.  And the trial court was not required to make any findings in this case prior to imposing sentence.

{¶4}    Denney contends that the sentence imposed does not comply with the principles and purposes of sentencing under R.C. 2929.11 and is not consistent with the seriousness and recidivism factors in R.C. 2929.12.  R.C. 2929.11 and 2929.12 are not fact-finding statutes, and, absent an affirmative demonstration to the contrary, we will presume that the trial court considered them.  *State v. Anderson*, 1st Dist. Hamilton No. C-190588, 2021-Ohio-293, ¶ 8.  Here, the record indicates that the trial court considered these statutes prior to imposing sentence.  The court recognized that Denney had acted with a co-conspirator in committing the burglary.

It also acknowledged that the burglary had resulted in approximately $30,000 worth of damage to the victim of the offense, and that Denney had committed the burglary in this case while on probation for another offense before the same trial court. R.C. 2953.08(G)(2) does not permit this court "to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, Slip Opinion No. 2020-Ohio-6729, ¶ 42; *Anderson* at ¶ 9.

{¶5} Following our review of the record, we hold that the trial court did not err in imposing a maximum sentence. Denney's assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**BERGERON** and **BOCK, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.