[Cite as *State v. French*, 2021-Ohio-2748.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200331 |
| | | TRIAL NO. B-2002779 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| SCOTT FRENCH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  August 11, 2021

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Mary Stier*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Rubenstein & Thurman, L.P.A.*, and *Scott A. Rubenstein*, for Defendant-Appellant.

**MYERS, Presiding Judge.**

{¶1}   Defendant-appellant Scott French appeals his conviction for escape. In three assignments of error, French challenges the validity of his guilty plea, the effectiveness of his trial counsel, and the sentence imposed.  Finding no merit to French's assignments of error, we affirm.

{¶2}   French was indicted for escape in violation of R.C. 2921.34(A)(1), a felony of the third degree, after he fled from a halfway house where he was under detention.  He pled guilty to the offense as charged, and the trial court imposed a sentence of 18 months in prison.

## The Guilty Plea

{¶3}   In his first assignment of error, French argues that the trial court erred in accepting a guilty plea that was not made knowingly, intelligently, and voluntarily. He contends that he was not adequately informed of his constitutional rights or of the consequences of his plea, but he does not point to any specific failure by the trial court.

{¶4}   Before a trial court accepts a plea in a felony case, Crim.R. 11(C)(2) requires the court to ascertain that the plea is voluntary and entered with an understanding of the effect of the plea, the nature of the charges, and the maximum penalty that may be imposed.  *See* Crim.R. 11(C)(2)(a) and (b).  In addition, the court must inform the defendant, and determine that the defendant understands, that by pleading guilty, the defendant is waiving her or his constitutional rights (1) to a jury trial, (2) to confront witnesses against the defendant, (3) to have compulsory process for obtaining witnesses in the defendant's favor, (4) to require the state to prove the defendant's guilt beyond a reasonable doubt, and (5) to the privilege against self-incrimination.  *See* Crim.R. 11(C)(2)(c); *State v. Brinkman*, Slip Opinion No. 2021-Ohio-2473, ¶ 11.

{¶5}   In this case, the trial court engaged in a thorough colloquy with French and complied with the requirements of Crim.R. 11(C)(2).  Before accepting the plea, the court informed French of each constitutional right he was waiving by entering his guilty plea, and French indicated that he understood.  In addition, the court confirmed that French was entering the plea voluntarily, explained the effect of a guilty plea and the nature of the charge he faced, and informed him of the maximum potential sentence.

{¶6}   The trial court did not err in accepting French's guilty plea.  We overrule the first assignment of error.

*Effective Assistance of Counsel*

{¶7}   In his second assignment of error, French argues that he was deprived of his constitutional right to the effective assistance of counsel.  Counsel will not be considered ineffective unless counsel's performance was deficient and caused actual prejudice to the defendant.  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989).  Counsel's performance will only be deemed deficient if it fell below an objective standard of reasonableness.  *Strickland* at 688; *Bradley* at 142.  A defendant is only prejudiced by counsel's performance if there is a reasonable probability that the outcome of the proceedings would have been different but for the deficient performance.  *Strickland* at 694; *Bradley* at 142.

{¶8}   French argues that counsel failed to request a comprehensive court clinic evaluation for advisability of treatment and mitigation of sentence, which he contends would have given the trial court insight into his challenges.  We find his argument to be without merit.  The record demonstrates that the trial court was aware of French's struggles with drug addiction through information provided by French, defense counsel, and the presentence-investigation report.  And we cannot say that counsel's failure to seek a clinic evaluation was deficient because "it is purely

speculative as to what the results or recommendations of a court clinic evaluation of [the defendant] would be, and we cannot say that such an evaluation would have affected the outcome of the proceedings, specifically the sentence imposed." *State v. Williams*, 1st Dist. Hamilton Nos. C-190504, C-190505 and C-190506, 2020-Ohio-5071, ¶ 14.

{**¶9**}　We overrule the second assignment of error.

*Sentencing*

{**¶10**}　In his third assignment of error, French argues that the trial court erred by imposing a sentence that is not supported by the findings in the record.  He contends that the court did not comply with R.C. 2921.11 and 2929.12 in fashioning an appropriate sentence, and that it specifically failed to consider the existence of substantial grounds to mitigate his conduct, pursuant to R.C. 2929.12(C)(4).

{**¶11**}　Because R.C. 2929.11 and 2929.12 are not fact-finding statutes, we presume that the trial court considered them absent an affirmative demonstration to the contrary.  *See State v. Anderson*, 1st Dist. Hamilton No. C-190588, 2021-Ohio-293, ¶ 8.  French has made no such affirmative demonstration.  And this court is not permitted to independently weigh the evidence and substitute our judgment for that of the trial court as to a sentence that best reflects compliance with R.C. 2929.11 and 2929.12.  *See State v. Jones*, 163 Ohio St.3d 232, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42.

{**¶12**}　Pursuant to R.C. 2953.08(G)(2)(a), we may modify or vacate a defendant's sentence only if we clearly and convincingly find that the record does not support the trial court's findings under certain enumerated sections or that the sentence is contrary to law.  *State v. Denney*, 1st Dist. Hamilton No. C-200066, 2021-Ohio-2090, ¶ 2. Here, French's sentence fell within the available sentencing range for a felony of the third degree and was not contrary to law.  And the trial court was not required to make any findings in this case prior to imposing sentence.  *See*

*id.* at ¶ 3. The court considered the information in the presentence-investigation report, French's explanation for his escape from the halfway house, as well as French's criminal history, which included convictions for theft, assault, driving under the influence, and possession of drug paraphernalia, as well as a prior prison sentence. Following our review of the record, we hold that the trial court did not err in the imposition of sentence.

{¶13} We overrule the third assignment of error, and we affirm the judgment of the trial court.

Judgment affirmed.

**BERGERON** and **BOCK, JJ.,** concur.

Please note:

    The court has recorded its own entry this date.